[S. F. No. 1457.   In Bank.—September 8, 1899.]

H. S. KOZMINSKY, Respondent, v. E. W. WILLIAMS, Justice's Court Clerk of City and County of San Francisco, Appellant.

FEES OF JUSTICE OF THE PEACE—ISSUANCE OF ATTACHMENT—CONSTRUCTION OF STATUTE.—Under the act of March 28, 1895, regulating the fees of justices of the peace, the payment required of two dollars, for all services to be performed by the justice before trial, includes the issuance of a writ of attachment, and the approval of the bond therefor, notwithstanding the separate provisions for fees for issuing process not otherwise provided for, and for

taking and approving a bond, including the justification of sureties.

ID.—JUSTICE'S COURT OF SAN FRANCISCO—DUTY OF JUSTICE'S CLERK—FEE FOR SERVICE OF ATTACHMENT—ORDER OF PRESIDING JUSTICE.—Under section 91 of the Code of Civil Procedure, relating to practice in the justices' court of San Francisco, the justices' clerk is forbidden to issue writs for the service of which a fee is allowed by law, without the order of the presiding justice, and he is required to collect the fee for the service of the writ in advance.

ID.—MANDAMUS TO JUSTICES' CLERK—FILING OF PAPERS—ABSENCE OF ORDER—NONPAYMENT OF SHERIFF'S FEE.—*Mandamus* will lie to compel the justice's clerk to file the affidavit and undertaking for attachment; but he cannot be compelled to issue the writ of attachment, without an order for the issuance, and the payment or tender of the sheriff's fee for the service of the writ; and a verified answer alleging that no order for the writ was obtained, and that the sheriff's fee was neither paid nor tendered, is a defense to *mandamus* to compel the issuance of the writ.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John M. Seawell, Judge.

The facts are stated in the opinion of the court.

Harry T. Creswell, City and County Attorney, and W. I. Brobeck, Assistant, for Appellant.

A. S. Newburgh, and Samuel Rosenbaum, for Respondent.

BEATTY, C. J.—The defendant is justices' court clerk of the city and county of San Francisco, and he prosecutes this appeal from a judgment of the superior court awarding a writ of mandate commanding him to file an affidavit and undertaking on attachment and to issue the proper writ.

The controversy arises out of the fact that the defendant demanded the payment of certain fees as a condition of filing the papers and issuing the writ, which the plaintiff contends (and the superior court has found) he was not required to pay. The case is governed by the act of March 28, 1895, establishing the fees of certain officers, including justices of the peace. (Stats. 1895, p. 272.) It is therein provided that justices of the peace may collect the following fees, and no others: "Each justice of the peace shall be allowed, in a civil action before him,

for all services to be performed by him before trial, two dollars; and for the trial and all proceedings subsequent thereto, including all affidavits, swearing witnesses and jury, and the entry of judgment and issue of execution thereon, three dollars; and in all cases where judgment is rendered by default or confession, for all services, including execution and satisfaction of judgment, two dollars."

In compliance with this clause of the statute, the plaintiff, on commencing his action, paid to the defendant the sum of two dollars, and thereupon presented a proper affidavit and undertaking, with a demand that the defendant should file them and issue the writ of attachment. But the defendant, relying upon two subsequent clauses of the statute, claimed additional fees, amounting to seventy-five cents, as a condition of filing the papers. These clauses are as follows: "1. For issuing each process, writ, order, or paper required by law to be issued, not otherwise herein provided for, twenty-five cents; 2. For taking and approving bond or undertaking, including the justification of sureties, fifty cents."

The superior court held that the defendant could not demand the fees here specified, because the issuance of the writ of attachment is a service to be performed before trial; that it is covered by the payment of two dollars at the commencement of the action, and therefore otherwise provided for; and because the filing and approval of the undertaking is also a part of the services covered by the same payment.

We have concluded, not without hesitation, that this is a correct construction of the statute. The only objection to it, so far as the issuance of the writ is concerned, is that it renders the clause relating to writs and process wholly superfluous and inoperative, since all sorts of writs and process of justices' courts, both in civil and criminal cases, are in the same manner otherwise provided for. This is, of course, in violation of one canon of construction, but any other view would involve a violation of other rules equally potent, and it is a reasonable conclusion that the special clause relating to writs and process was inserted merely out of abundant caution to cover possible cases not provided for. So far as the taking and approval of the undertaking is concerned, the clause relating to that matter has

full operation upon appeal bonds, which do not come under other provisions of the act.

These views would determine the case were it not for an objection under section 91 of the Code of Civil Procedure, relating to practice in the justices' court of San Francisco. That section provides in substance that the justices' clerk shall not issue writs or process, for the service of which a fee is allowed by law, without the order of the presiding justice, and that he must collect the fees for such service in advance.

Now, in this case, it is not alleged in the petition that any order for the issuance of the writ was ever obtained from the presiding justice, or that the fee of one dollar allowed the sheriff for serving the writ was ever paid or tendered. The answer, moreover, which is verified, distinctly alleges that no order for the writ was obtained, and that the sheriff's fee was neither paid nor tendered.

In the superior court this objection was held to be immaterial, and judgment was rendered on the pleadings. Respondent makes light of the objection here, and asks us to disregard it. But we do not see how we can do so. As to the technical objection that no order for the writ was obtained from the presiding justice, that is fairly enough answered by saying that such order could not be obtained until the affidavit and undertaking had been filed, and as the clerk wrongfully refused to file those papers, notwithstanding full payment of all he could rightfully demand, the plaintiff is at least entitled to a peremptory writ commanding defendant to file those papers. But the judgment appealed from goes further. It not only requires the filing of the affidavit and undertaking, but also the issuance of the writ. We do not think the clerk can issue the writ without the previous order of the presiding justice, or the justice acting for him in his absence, or that he is required to issue it until the sheriff's fee for service is paid.

The judgment of the superior court is modified by limiting the peremptory writ to the filing of the affidavit and undertaking, and as so modified is affirmed.

Henshaw, J., Temple, J., McFarland, J., Harrison, J., and Van Dyke J., concurred.