(April 9, 1907.)

STATE OF IDAHO, Plaintiff, v. T. L. QUARLES, Clerk of the District Court, Defendant.

[89 Pac. 636.]

WRIT OF MANDATE—PROPER PARTY—STATE—PROSECUTING ATTORNEY—
ALLEGATIONS OF COMPLAINT—NO SPEEDY AND ADEQUATE REMEDY—
DISTRICT JUDGE—JURISDICTION—FILING INFORMATION—DUTY OF
CLERK—INDICTMENTS—FILING OF.

1. In an original proceeding in this court for writ of mandate to compel the clerk of the district court to file an information presented by the prosecuting attorney, the state is the party interested, and the prosecuting attorney represents the state, and may verify the complaint or petition.

2. *Held,* that the complaint states facts sufficient to warrant the issuance of the writ.

3. The plaintiff had no speedy and adequate remedy at law in this matter.

4. *Held,* that the district judge acted without any jurisdiction whatever when he directed the clerk not to file the information referred to.

5. Under the provisions of our statute, it is made the duty of the clerk of the court to file an information when presented by the prosecuting attorney, and the district judge has no jurisdiction over the clerk in that matter.

6. Under the provisions of section 7669, Revised Statutes, when an indictment is found by the grand jury, it must be presented by the foreman to the court in the presence of the grand jury and must be filed by the clerk. The court has no authority to prohibit the clerk from filing such indictment when so presented, as the court has no jurisdiction to determine against whom informations may be filed.

(Syllabus by the court.)

ORIGINAL proceeding in this court for a writ of mandate to compel the clerk to file an information. *Peremptory writ granted.*

J. J. Guheen, Attorney General, Edwin Snow and Ezra R. Whitla, for the State.

Edwin McBee, for the Defendant.

Counsel file no briefs.

SULLIVAN, J.—This is an original proceeding for writ of mandate commenced by the prosecuting attorney of Kootenai county. The application was presented to this court on the sixth day of January, 1907, but was not filed until the twenty-first day of that month.

The petition is entitled: *"The State of Idaho v. R. T. Morgan,* Judge of the First Judicial District of Idaho, T. L. Quarles, Clerk of said District Court in and for Kootenai county, and James A. Foster, Deputy Clerk of said Court."

It appears from the petition that Joseph T. Scott was, on the ninth day of October, 1906, held to answer to the district court in and for said county, on a charge of criminal libel, and waived preliminary examination; that the next term of said district court in said county began on the last Monday in November, 1906, and continued in session until the fifth day of January, 1907; that on the third day of January, said prosecuting attorney, while said court was in session, presented for filing an information charging said Scott with

criminal libel, for which he had been held to answer, and James A. Foster, deputy clerk, refused to file the same, acting under instructions given by said judge.

Upon the showing made by the petition, this court issued the alternative writ of mandate against said Quarles as clerk of said court, but did not issue a writ to either of the other defendants. Said writ was served upon the said Quarles, and he appeared and moved to quash the writ and demurred thereto and answered.

The motion to quash is based upon four several grounds, to wit: (1) That the petition is not signed or verified by any officer in the state of Idaho; (2) That there is a misjoinder of parties; (3) That the petition does not state facts sufficient on which to base the issuance of a writ; (4) That the plaintiff has a plain, speedy and adequate remedy.

The demurrer is based upon a number of the grounds stated in the motion, and on the further ground that the petition does not comply with the rules of this court and that the court has no jurisdiction of the subject matter.

In answer to the grounds of the motion, we will say that the petition was verified by the prosecuting attorney of Kootenai county, and he is the person authorized to represent the state in such cases in his county; that while Morgan, judge, and Foster, deputy clerk, were named as defendants, this court, in the issuance of said writ, did not issue a writ against them and dropped them as parties to this action; the petition states facts sufficient to present the question to this court as to whether the clerk of the court must file informations presented to him by the prosecuting attorney. The plaintiff has no speedy and adequate remedy at law in this matter.

These observations dispose of some of the grounds of the demurrer, and the other ground that this court has no jurisdiction of the subject matter is without any merit whatever. The state is a party interested and the prosecuting attorney was the proper party to institute this proceeding. The motion to quash and the demurrer must, therefore, be overruled.

The defendant has filed an answer herein and set up certain facts and states the reason why he refused to file said

information, which are based on the ground that the district judge directed him not to file the same. Upon the hearing of this case, it was suggested by the court to respective counsel that in case the motion to quash and the demurrer were over-ruled and the court came to the conclusion that there was an issue of fact presented which should be tried before the final determination of the case, the court would refer the matter to the district judge or some other person in said county, to take the evidence. As we view it, there is no issue of fact in this case that requires the taking of any testimony. The only question presented is whether the clerk must file an information when presented during the term of the court by the prosecuting attorney for filing.

It appears from the record that on the second day of January, 1907, during the absence of the prosecuting attorney, counsel for the defendant Scott moved to dismiss the case against him (Scott). The court thereupon granted the motion to dismiss the case. At that time Scott had been held to answer but no information had been filed. The prosecuting attorney on the following day appeared in open court and presented the information to the clerk for filing. The judge thereupon directed the clerk not to file the same, and the prosecuting attorney at once instituted this proceeding to compel the clerk to file such information.

The district judge acted without any jurisdiction whatever in this matter when he directed the clerk not to file said information, and his order was without any force or effect in law.

Under the provisions of our statute, it is made the duty of the clerk of the court to file an information when presented by the prosecuting attorney. Under the provisions of an act of the legislature (Sess. Laws 1899, p. 125) it is made the duty of the prosecuting attorney therein to prepare and have filed by the clerk of the court all informations in criminal cases, and it does not require the consent of the judge or the court to have the same filed. The district judge has no jurisdiction over the clerk in that matter, for the clerk

must file such informations when presented by the prosecuting attorney.

In prosecuting offenses by indictment the grand jury finds the indictment, and under the provisions of section 7669, Revised Statutes, when an indictment is found, it must be presented by the foreman to the court in the presence of the grand jury and must be filed by the clerk. The court has no authority to prohibit the clerk from filing such indictment when so presented, and in the case of prosecuting cases on information, the law makes it the duty of the prosecuting attorney to prepare the information and present it to the clerk for filing during term time, and when so presented, it is the duty of the clerk to file it, and the law clearly points out the proceedings that may be had after the filing of the indictment or information. The court is not required to determine against whom informations may be filed; that is the duty of the prosecuting attorney, and the judge cannot exercise that duty or prohibit the clerk from filing an information presented to him for filing by the prosecuting attorney.

The peremptory writ must issue against T. L. Quarles, clerk of said court, as prayed for in the petition, and that said clerk file said information, *nunc pro tunc*, as of the date it was presented for filing, to wit, January 3, 1907.

Ailshie, C. J., concurs.