## BERNARD et al. v. CROWELL.
### No. 10628.

Court of Civil Appeals of Texas. San Antonio.
May 2, 1931.

W. B. Lewis and A. N. Beem, both of Harlingen, and James P. Cogdell, of Raymondville, for appellants.

SMITH, J.

This is an application made by relators for writ of mandamus to require respondent, the county clerk of Willacy county, to file a bystander's bill of exception alleged to have been tendered him for that purpose by relators on April 20, 1931.

But this court finds from the record, taken in connection with the statements of counsel and the parties upon the hearing of this application, that at the time they filed their said application in this court relators had not made such tender of said bill of exceptions to respondent as to amount to a specific request or demand upon him to receive and file said paper. Accordingly, said application was prematurely filed in this court, and must therefore be denied, at the cost of relators.

It is deemed appropriate to say here that the clerk of a trial court has no discretion in the matter of filing papers recognized by law as properly belonging in the record of causes, and that a bystander's bill of exceptions constitutes a proper part of such records. Article 2237, R. S. 1925. Accordingly, it is the duty of respondent, as county clerk, to receive and file any bystander's bill of exceptions and supporting affidavits tendered him by either of the parties to this litigation.

It is not for the clerk to inquire into the purposes or contents of such papers, or to the circumstances giving rise to them or attending their preparation. He is the official elected by the voters to perform that and all other duties of his office, and in the proper performance of those duties is accountable to no other person or official, but to the public only.

These observations are not intended as strictures upon the conduct of respondent in this case, but rather for his guidance in future. His answer to relators' application discloses a commendable and natural attitude in the transactions involved, and that his course has been actuated by a proper deference to the county judge, whose position, apparently, has been rendered difficult by the conduct of some of the parties and their counsel. It is here suggested, however, that regardless of these difficulties, relators are entitled to perfect the record in this cause in the manner provided by the statutes, and that when properly requested respondent should receive and file the bill of exceptions in question, together with supporting affidavits tendered therewith by relators, as well as any controverting affidavits and certificates that may be tendered by their adversaries.

The application for writ of mandamus is denied, at relators' cost.