MRS. B. E. NEWPORT, a free dealer, v. CHAS. E. CULBREATH, as Clerk of the Circuit Court.

162 So. 340.

Division A.

Opinion Filed June 20, 1935.

154

*Edwin Brobston,* for Relator;

*John B. Sutton, John M. Allison* and *H. Lane Coachman,* for Respondent.

DAVIS, J.—Relator obtained an alternative writ of mandamus directed to the Clerk of the Circuit Court of Hillsborough County to require him as Clerk to issue order for constructive service of process of publication directed to the defendants, John Sprich & Sons and Citrus Park Real Estate & Developing Company, both corporations, in accordance with the provisions and requirements of Section 4261 C. G. L., Chapter 11829, Acts 1927, Laws of Florida. By demurrer to the alternative writ and also by return the respondent Clerk attempts to justify his refusal to issue the order for constructive service of process on the ground that by the filing of the complainant's bill of complaint, which was to foreclose tax certificates, the Circuit Court had obtained no jurisdiction of the subject matter of the

suit and therefore the Clerk was justified in refusing to issue the constructive service order applied for.

Whatever may be the merits of the controversy involved, as set forth in the pleadings and briefs, and attempted to be presented to this Court for final decision by means of a mandamus against the Clerk of the Circuit Court, this Court cannot ignore the obvious fact, apparent on the face of the record, that the Clerk of the Circuit Court being possessed of neither judicial duty nor judicial power to decide the sufficiency of complainant's bill of complaint to raise an equitable controversy within the judicial jurisdiction and competency of the Circuit Court to decide, is likewise without right to defend against the mandamus sought herein on the ground that the Circuit Court was without jurisdiction of the subject matter of complainant's bill.

In cases where the Clerk of the Circuit Court must act solely and only in a ministerial capacity in issuing orders for constructive service of process, it is his duty to issue and have published the orders applied for when the form of the statute invoking the duty on his part has been duly observed, leaving it thereafter to be decided by the Circuit Judge whether or not the Circuit Court has acquired jurisdiction of the subject matter or parties to the cause by virtue thereof.

In all cases of equity it is the duty of the presiding Chancellor, whether the question is raised or not, to first satisfy himself that he has acquired jurisdiction of the subject matter of an equitable controversy through the filing of a proper bill of complaint, as well as to satisfy himself of his jurisdiction to proceed to a determination thereof through the jurisdiction to proceed which can only be acquired by and through the actual or constructive service of process upon, or a voluntary appearance by, the parties named as

defendants to the suit. Thus the question of the Circuit Court's jurisdiction in each equity case is a matter primarily within the judicial judgment of the Chancellor to initially decide at the time when his judicial action is first sought as a step toward the trial and decision of the case, and it would be inappropriate, to say the least of it, for the Supreme Court to attempt to decide the question of a Chancellor's jurisdiction in a particular cause pending before him, until the Chancellor himself has first been accorded the opportunity of making a judicial ruling on the point.

In all cases where a Court or Judge possessing jurisdiction refuses, without legal justification for his refusal, to exercise the jurisdiction he possesses, the remedy of mandamus then becomes available against such Court or Judge to compel him to exercise jurisdiction that he has acquired but refuses to recognize as such, the mandamus in such cases being in the nature of a prerogative writ of *procedendo* emanating from a superior Court to coerce a subordinate Court Judge or judicial officer to act judicially in respect to a matter or controversy over which such Court, Judge, or judicial officer has jurisdiction that he unlawfully refuses to exercise. State, *ex rel.* Palmer, v. Atkinson, 116 Fla. 366, 156 Sou. Rep. 726, and cases cited therein.

The case now before the Court was admittedly brought to have determined the proper construction, as well as the constitutionality of Chapter 11829, Acts of 1927, insofar as it attempts to authorize constructive service of process on corporations which shall fail or refuse to comply with the terms of that Act by designating an officer or place of business for the service of process upon them issued in suits brought against them in this State.

But that question should not be decided in a collateral proceeding by mandamus against the Clerk of the Circuit

Court whose duty it is, regardless of the proper construction or constitutionality of the statute in controversy, to perform the ministerial acts required to be done on his part in order that the Circuit Judge may be placed in position to decide what will be the legal force and effect of the constructive service proceedings after they have been pursued according to the form of the statute in such cases made and provided. This is so because weight must also be given to the jurisdictional determinations of a court of general jurisdiction, holding that it has lawfully acquired jurisdiction by proper legal constructive service (Catlett v. Chestnut, 107 Fla. 498, 146 Sou. Rep. 241, headnotes 4 to 7), and again only by proceedings which directly bind a judicial tribunal or Judge thereof, can the parties to a controversy pending before such tribunal or judge become bound.

The record of a court of general jurisdiction imports absolute verity and cannot be averred against in a collateral proceeding unless there affirmatively appears on the face of the record of such court of general jurisdiction a showing of lack of jurisdiction in the court whose record is in controversy. Van Fleet on Collateral Attack, Chapter 1.

It is therefore of more than formal or procedural importance that collateral proceedings such as mandamus, when brought to test out a Court or Judge's controverted jurisdiction to act, shall be brought directly against the affected Court, tribunal or Judge whose jurisdiction is at issue, since only by a judgment binding directly such Court, Judge or judicial tribunal become bound by the judgment in such collateral proceedings. This is so, because every Judge or judicial officer making a judicial record of his proceedings and judgments rendered consequent thereon, becomes, together with the litigating parties to the proceedings pending before him, absolutely bound by his own

judical record, and the litigating parties to any controversy pending before such judge or judical officer thereupon in turn becomes conclusively bound by any judgment or decree of a superior Court or tribunal that becomes effective against the Judge or judicial officer having control over the proceedings and record to which they, as litigants, have been made parties.*

In the present case it would be fruitless and unavailing to undertake to determine the jurisdiction of the Circuit Court to proceed in accordance with a statute alleged to be unconstitutional until some proceeding has been instituted that will bind the affected parties to the litigation brought in the Court below by bringing in the Judge or Chancellor to whose orders, judgments and decrees they become subject as a matter of judicial power *eo instanti* the bill was filed in the Circuit Court, whether lawfully filed there or not.

It follows that insofar as the respondent Clerk of the Circuit Court is concerned, nothing in bar or preclusion of a peremptory writ of mandamus having been shown, the peremptory writ should be awarded and such will be the judgment of this Court, however, without prejudice to the right to the institution of appropriate proceedings to test the propriety of any jurisdictional order or determination that may be hereafter made in the Court below by the Court or Judge thereof.

Peremptory writ of mandamus awarded.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

---

*For example: a mandate of the Supreme Court acts directly only upon the lower court and not upon the parties, but the parties nevertheless become bound by it because binding the lower court necessarily binds the parties who are subordinate to it.