STATE *ex rel.* JOHN MONTAQUILA *vs.* EDWIN G. AVERY.

FEBRUARY 10, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This petition for mandamus was brought on behalf of the state ex rel. John Montaquila to compel the commissioner of public works of the city of Cranston to remove certain obstructions on Tupelo Hill Drive and White Birch Road, public highways in said city, which obstructions are alleged to be a public nuisance. Leave to file such petition having been granted by the superior court it thereupon issued the writ in the alternative to which the respondent filed an answer. Subsequently Elizabeth E. Corr, the person who is alleged in the petition to be maintaining said nuisance, filed a motion for leave to intervene in the proceedings as a party respondent. After a hearing in the superior court and over the objection of the

relator the trial justice entered an order granting such leave. The cause is before us on the relator's appeal therefrom.

The relator contends in substance that the superior court is without authority in a mandamus proceeding to allow third persons to intervene as respondents and in support of such contention he relies on *Nolan* v. *McCoy*, 77 R. I. 96. The intervenor argues that such case is not in point and that in *Bowles* v. *Dannin*, 62 R. I. 36, this court has expressly held that any person whose personal and property rights are involved may intervene. The relator replies that the later case of *Nolan* inferentially overrules the *Bowles* case. The intervenor insists that the two cases "are perfectly consistent with one another since they are totally unrelated in the principles they set forth." In any event the intervenor moved here that the appeal should be dismissed as premature on the ground that the order appealed from is not a final decree but merely interlocutory and therefore not appealable, citing in support thereof *Coen* v. *Corr*, 90 R. I. 185, 156 A.2d 406, and *McAuslan* v. *McAuslan*, 34 R. I. 462.

We are of the opinion that the order appealed from is in reality a final order within the meaning of that term as expounded in *McAuslan* v. *McAuslan, supra*. As far as the intervenor is concerned, it is a final adjudication of her right to participate in the proceedings and nothing remained thereafter to be done to enable her to exercise that right. And she has taken the first step as a party respondent by filing her return to the alternative writ. As far as the relator is concerned he is confronted with an additional party with whom he must deal throughout the proceedings. If the intervenor has not been made a party lawfully it will be of no value to the relator to have that issue determined only after there has been a final judgment in the proceedings. As we said in *Cimino* v. *Cimino*, 82 R. I. 322, 326, "It is true that by such action the merits of the cause have

not been determined even in part adversely to complainant, but he is nevertheless entitled to litigate his suit without interference therein from one who has no interest in the litigation or who is not otherwise authorized by statute to intervene." The intervenor's motion to dismiss the appeal is therefore denied.

On the merits of the appeal we are of the opinion that the trial justice erred in granting leave to intervene since the superior court is without authority in a proceeding at law as distinguished from a suit in equity to entertain such a motion. Intervention was unknown to the common law. *Cimino* v. *Cimino, supra.* This court definitely decided that question many years ago in *Cross, Petitioner,* 17 R. I. 568. After reviewing a number of cases from other jurisdictions which had been cited in support of such practice, we stated at page 570, "These cases, therefore, fall very far short of establishing authority for intervention in a common law action, or a sufficient reason, outside of the statutory provision, on which it could rest. In several states this question is settled by statute."

In this state there is no statute conferring authority on the superior court to allow intervention in a proceeding at law. There is, however, such a statute authorizing intervention in proceedings in equity. General laws 1956, §9-14-14. It may be that the trial justice in the instant case inadvertently assumed that a petition for mandamus was in the nature of a proceeding in equity. If so it was a mistaken assumption. Mandamus in this state has not been altered or modified by statute. On the contrary we have repeatedly said that both as to legal principles and procedure it is governed by the rules of the common law. *Izzi* v. *Warwick School Committee,* 82 R. I. 76; *McCoy* v. *Nolan,* 74 R. I. 464. Its history clearly shows that it is not of an equitable nature. In England it issued out of the Court of King's Bench and not the Court of Chancery. In this country it has been variously classified as a civil proceeding, an action

at law, a civil action, a proceeding in the nature of a civil action or of an action at law, but never it seems as an equity suit or in the nature of an equitable proceeding. 55 C.J.S. Mandamus §2 a. and b., pp. 16 and 17.

In view of the absence of a statute authorizing intervention in actions at law and other civil proceedings at law as distinguished from equitable proceedings, it is clear that the superior court is without power to entertain motions to intervene in mandamus. It is therefore unnecessary to discuss the respective contentions of the parties with reference to the effect of *Nolan* v. *McCoy*, 77 R. I. 96, and *Bowles* v. *Dannin, supra*. The issue raised here was not before us in either of those cases and the language of the *Bowles* case which is relied upon by the intervenor is for that reason dictum. In any event it cannot supply a valid ground for clothing the superior court with a power which the legislature has withheld from it. At this juncture we are not called upon to say what this court could do in the event that the intervenor's property should be impaired by the outcome of the instant proceeding. Certainly she would not be bound by the judgment entered therein. See *Gallagher* v. *Early*, 60 R. I. 318.

For the foregoing reasons the relator's appeal is sustained, but it should be observed here that nothing which we have said is to be construed to prevent the trial justice in his discretion from allowing Elizabeth E. Corr to appear as amicus curiae. There is authority for such indulgence even after intervention has been refused. *La Mesa Lemon Grove and Spring Valley Irrigation District* v. *Halley*, 195 Cal. 739; *Siegemund* v. *Building Comm'r of Boston*, 259 Mass. 329. Such is the practice of this court in certiorari proceedings where the rights of third persons may be involved and there is uncertainty as to whether the respondent will fully protect their interests.

The relator's appeal is sustained, the order appealed from is reversed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Leo L. Jacques,* for relator.

*Isidore Kirshenbaum, Alfred Factor,* for intervenor.