WIGGINTON, Judge.
Appellants, who were petitioners for a peremptory writ of mandamus in an action filed in the Circuit Court of Duval County, have appealed the final judgment entered therein quashing the alternative writ of mandamus theretofore issued and dismissing the action.
By their sworn petition filed in the trial court, appellants allege the following pertinent and material facts. They filed in the Small Claims Court of Duval County a statement of claim against Magnolia Improvement Corporation, which statement was received and docketed by appellee as judge of the court. Although requested to do so, appellee has refused to permit any process of the court to issue to the defendant named in the statement of claim, which action is contrary to the mandatory requirements of law. As a result of such nonfeasance, process had not yet been served on defendant Magnolia Improvement Corporation, nor has jurisdiction over the person of defendant been acquired by the court. More than twenty-five other cases are now on file in the Small Claims Court of Duval County, in each of which the court has assumed jurisdiction but has arbitrarily refused to issue process or take any further steps to acquire jurisdiction over the person of the defendants named in those cases. Petitioners are advised and so allege that under the normal procedure adopted by the appellee in processing cases pending in the Small Claims Court of Duval County, process does not issue for service on the defendants earlier than nine to ten months from the date of filing the suit, which delay in issuing and serving process on the named defendants contravenes and violates the spirit and intent of the act creating the Small Claims Court of Duval County and deprives the plaintiffs of due process of law.
*864 Based upon the foregoing verified petition, the alternative writ of mandamus issued. Appellee filed a verified return to the alternative writ in which he admits that appellants filed in his court a statement •of claim against Magnolia Improvement •Corporation and he had not issued process, and that he refuses to issue process because prohibited by statute from doing so until such time as a trial date can be set, which •date must be not less than seven nor more than twenty-one days from the date that process issues. Appellee denies that his acts are arbitrary and asserts that because of the congested condition of his trial calendar and the requirements of the statute creating the court, it is necessary to withhold the issuance of process. For further return to the writ appellee alleges that the trial calendar of his court is so congested with pending cases set for trial that if process should issue immediately upon each statement of claim filed in his court, he would be unable to grant a hearing not earlier than seven nor more than twenty-one days after the service of process in the case, and because of this condition has found it necessary to withhold the issuance of process until a date is available on the calendar for trial of the case on the return date to be fixed in the process.
The trial judge, after hearing argument of counsel for the respective parties, entered judgment on the pleadings in which he found that appellants had failed to demonstrate a clear legal right to the extraordinary remedy of mandamus, and that it appeared that appellee has in the past and will in the future comply with the mandate of the statute which controls the issuance of process in the Small Claims Court of Duval County. Based upon these conclusions the trial court quashed the alternative writ of mandamus theretofore issued, and dismissed the action.
The statute creating the Small Claims Court of Duval County, as amended, provides as follows:
“■Section 9. (a) A Notice to Appear, with a copy of the Statement of Claim, shall be served on each defendant at least (3) days before the return day thereof, Sundays and legal holidays excluded. All Notices to Appear, original, alias, or pleuries, except when service is to be made constructively, shall be made returnable at a given hour on a day not less than seven (7) nor more than twenty-one (21) days from the date of mailing of such Notice and at which time a hearing on the claim shall be had. * * * ’[1]
It is apparent that the trial court construed the foregoing statute relating to the service to process to mean that a mandatory duty rests upon the judge of the small claims court to fix a date for hearing the case in the process to be issued and served on the defendant, which date shall be at a time when the court’s trial calendar will permit the hearing to be held. It is apparent that the trial court further reasoned if cases cannot be tried earlier than three weeks after service of notice, then appel-lee is authorized to withhold the issuance of process until his trial calendar is cleared and it is possible to hold a hearing and try the case on a date within the time limitations fixed by the statute. We do not so construe the statute under consideration.
 It is our view that the foregoing provision of the statute which requires that all notices to appear be made returnable at a given hour on a day not less than seven nor more than twenty-one days from the date of mailing such notice constitutes a mandatory requirement calling for the performance of a purely ministerial act. It is our further view that the provision contained in the remainder of the sentence to the effect that a hearing on the claim shall be had on the return date fixed in the notice to appear is directory only, and not mandatorily binding on the judge of the court. To hold otherwise would constitute the provision an unauthorized encroachment into the *865 internal government and operation of the court by the legislative branch of government, and one with which the judge of the court would not be required to conform.
It is our view that the most basic concepts of due process of law require that in every instance where an action at law is commenced, the party filing the action is entitled to the prompt and expeditious issuance of process and service thereof on all parties named as defendants in the cause. In Valdosta Milling Co. v. Garretson et al. the Supreme Court of Florida considered the sufficiency of the service of process on the defendant named in the action. The Court, speaking through Mr. Justice Terrell, commented:
“ * * * It may be said that this holding is technical but the service of process in any kind of an action is technical. It is not only technical, it is the gist of due process, it is fundamental to fair trial, it is the dynamo that activates the impartial administration of justice.” [2]
Experience demonstrates that valuable rights otherwise enjoyed by a plaintiff in an action at law will be lost if the issuance and service of process in his case is delayed without reason or right. Quite frequently those named as defendants in an action move from the jurisdiction of the court, thereby preventing the plaintiff from maintaining the action in the most convenient forum of his choice. Witnesses die or move from the court’s jurisdiction rendering it more difficult for the plaintiff to conveniently and inexpensively depose them in the process of establishing the essential ■elements of his cause of action. If the suit is brought against the estate of a decedent, and no claim has theretofore been filed in the estate as permitted by law, process in the action must be served on the personal representative within six months from the date of the first publication of notice to creditors, or else the action will be barred under the statute of nonclaim.[3] If the issuance and service of process in an action of this kind is withheld by the judge of the court to a date beyond the six months limited by the foregoing statute, the plaintiff’s cause of action will be entirely lost. For these and other reasons the statute under consideration must be so construed as to mandatorily require the judge of the small claims court to forthwith issue and serve on each defendant the notice to appear as called for in amended Section 9 of the act creating the court, even though at the time process issues the court’s calendar will not permit a hearing to be held on the return date fixed in the notice. If, because of the congested condition of the trial calendar, a hearing cannot be held on the return date of process as provided by the statute, the court may of its own motion enter an order continuing the trial date until such time as its calendar will permit the trial to be scheduled. Such is contemplated by the act itself which provides in Section 11 thereof that: “On the return day or such later time as the Judge may set, the trial shall be had. * * * ” [4]
Having concluded that the provision of the statute which requires the notice to appear to be returnable on a date fixed therein is mandatory and ministerial in nature, it follows that the writ of mandamus as prayed in the petition filed by appellants should have issued. Mr. Justice Thornal, in speaking for the Supreme Court in the Solomon case, said:
“However, where an administrative agency is authorized to exercise a purely ministerial function, as was the situation presented to the trial court, its action may be compelled by mandamus. In this regard, official action is considered ministerial when it is arrived at as the result of the performance of a *866 specific duty arising from legislatively designated facts. A ministerial duty is one which is positively imposed by law to be performed at a time and in a manner or upon conditions which are specifically designated by the law itself absent any authorization of discretion to the agency. First National Bank of Key West v. Filer et al., 107 Fla. 526, 145 So. 204, 87 A.L.R. 267.” [5]
The foregoing rule of law applicable to administrative agencies is equally applicable to courts of law. In Fowler v. Chilling-worth [6] the Supreme Court held that mandamus was a proper remedy to require a judge of the circuit court to issue an order for constructive service of process of publication requiring a named defendant to appear in the cause and answer a complaint brought for the foreclosure of a mortgage. The same conclusion was later reached by the Supreme Court in the Newport case where it was held:
“In all cases where a court or judge possessing jurisdiction refuses, without legal justification for his refusal, to exercise the jurisdiction he possesses, the remedy of mandamus then becomes available against such court or judge to compel him to exercise jurisdiction that he has acquired but refuses to recognize as such; the mandamus in such cases being in the nature of a prerogative writ of procedendo emanating from a superior court to coerce a subordinate court, judge or judicial officer to act judicially in respect to a matter or controversy over which such court, judge, or judicial officer has jurisdiction that he unlawfully refuses to exercise. State ex rel. Palmer v. Atkinson, 116 Fla. 366, 156 So. 726, 96 A.L.R. 539, and cases cited therein.” [7]
For the reasons herein stated we conclude that the trial court erred in quashing the alternative writ of mandamus and dismissing the action. The judgment of quashal is accordingly reversed and the cause remanded for further proceedings consistent with the views set forth herein.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Chapter 57-961, Laws of Florida, Acts of 1957, Section 3.

. Valdosta Milling Co. v. Garretson et al. (Fla.1951), 54 So.2d 196.

. F.S. § 733.16(1) (a), F.S.A.

. Chapter 25489, Laws of Florida, Acts of 1949, Section 11.

. Solomon v. Sanitarians’ Registration Board (Fla.1963), 155 So.2d 353, 356.

. Fowler et al. v. Chillingworth, 94 Fla. 1, 113 So. 667.

. Newport v. Culbreath, 120 Fla. 152, 162 So. 340.