207 A.2d 44.

MARTIN MALINOU, *Public Administrator vs.*
JOHN L. McELROY, *Probate Clerk.*

FEBRUARY 16, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Condon, C. J. This is a petition for mandamus to the clerk of the probate court of the city of Providence which was granted by the superior court in the alternative. The writ commanded respondent "to file the petition, presented to you on September 28, 1964, by the Petitioner herein, seeking administration de bonis non on the Estate of Joseph J. Goman, alias, pending in the Probate Court of the City of Providence, and docketed therein number 57034, or the cause whereof show unto us why you should not * * *." The respondent filed an answer thereto in which he alleged as a cause for not complying with the mandate that the petitioner was not the public administrator. Thereupon the petitioner moved for a peremptory writ on the ground that the answer failed to show legal cause but instead set up "an incompetent, immaterial and irrelevant supposed defense * * *." After a hearing on the motion the trial justice denied it.

From the judgment entered thereon petitioner has appealed to this court. For reasons in support of his appeal he contends that the judgment violates the due process clause of the fourteenth amendment to the federal constitution; that it is erroneous in that it is based upon respondent's determination that petitioner has no title to the office of public administrator, which determination he is incompetent to make; and that it is erroneous in that the answer sets up a question of law which is irrelevant and immaterial in this mandamus proceeding to show cause why the mandate in the alternative writ should not be complied with.

The trial justice apparently based his decision on the ground that the answer raised a question of fact, namely, whether on the day petitioner presented his petition for

administration de bonis non he was the public administrator. The petitioner argues that this was a misconception of the issue before the court. He contends that the only question to be determined was whether respondent was charged with a ministerial duty to file the petition for administration de bonis non. He argues further that whether he was the public administrator which he claimed to be was a justiciable question to be determined in the first instance not by the clerk but by the probate judge.

There is merit in those contentions. The mandate of the alternative writ commanded respondent merely to file the petition for administration de bonis non. This is a duty imposed upon him by law and is purely ministerial. Whether the person presenting such a petition for filing is the person he represents himself therein to be is a justiciable question determinable by the probate judge. By refusing to file the petition because he decided that petitioner was not the public administrator, respondent usurped the judicial office and deprived petitioner of a judicial determination of his claim of title from which, if adverse to him, he could appeal to the superior court. G. L. 1956, §33-23-1.

It is generally held that unless otherwise specifically authorized by statute the duty of a clerk of court to file papers presented to him is purely ministerial which he may not refuse to perform except upon order of the court. *State ex rel. Dawson* v. *Roberts,* 165 Ohio St. 341; *State ex rel. Wanamaker* v. *Miller,* 164 Ohio St. 176; *Newport* v. *Culbreath,* 120 Fla. 152; *Kozminsky* v. *Williams,* 126 Cal. 26; *Bernard* v. *Crowell,* Tex. Civ. App., 38 S.W.2d 912; *State* v. *Quarles,* 13 Idaho 252. The cited cases present a variety of situations where the clerk undertook for one reason or another to decide that the papers presented were not entitled to be filed. In each instance the court held that it was not within the province of the clerk to make such determination, ordered him to file the papers, and refrained from deciding

the question raised by his answer in the mandamus proceeding.

In *State ex rel. Dawson* v. *Roberts, supra,* the clerk refused to file a petition for an injunction and his answer in the mandamus proceeding in the supreme court defended on the ground among others that the petition was not properly presented so as to make it incumbent upon him to file it. The petitioner replied that the ground was not a legal defense and the supreme court agreed saying: "There is a duty enjoined by law upon respondent, a ministerial officer of the court, to accept and file the petition tendered by relator." The court cited as authority its prior decision in *State ex rel. Wanamaker* v. *Miller, supra.* In that case the clerk refused to file a judge's affidavit of disqualification because it was not proper and the relator had no right to have it filed. In mandating the respondent to file it the court said: "The power to make any decision as to the propriety of any paper submitted or as to the right of a person to file such paper is vested in the court, not the clerk."

In *Newport* v. *Culbreath, supra,* the clerk refused to issue an order for constructive service of process as directed in the petitioner's bill of complaint on the ground that the court had no jurisdiction of the subject matter of the bill. The supreme court held that the duty to issue the order was purely ministerial and that the clerk had no power to decide whether the bill was sufficient. That power, it held, was, in the first instance, within the sole province of the chancellor and it would therefore not pass on the question in the mandamus proceeding. Since the respondent could not defend against the petition for mandamus on that ground a peremptory writ was ordered to issue.

In *Kozminsky* v. *Williams, supra,* the clerk of the justices' court refused to file an affidavit and undertaking for an attachment which was a necessary preliminary to the issuance of the writ on the ground that the plaintiff had not

complied with the applicable statute. The supreme court held that the clerk had wrongfully refused to file the papers and therefore the plaintiff was entitled to a peremptory writ commanding him to do so.

In *Bernard* v. *Crowell, supra,* the Texas court of civil appeals refused to mandate a clerk of court to file certain papers which he had refused because the relator's application for the mandamus was premature, but in the course of its opinion the court expressly stated "that the clerk of a trial court has no discretion in the matter of filing papers recognized by law as properly belonging in the record," and that it was his duty to file such papers. "It is not for the clerk," the court said, "to inquire into the purposes or contents of such papers, or to the circumstances giving rise to them or attending their preparation."

In *State* v. *Quarles, supra,* the clerk of the district court refused to file a criminal information presented by the county prosecuting attorney on the grounds that it was not properly signed or verified, for misjoinder of parties, insufficient facts stated therein and because there was another adequate remedy at law. The clerk also defended on the ground that the district judge had directed him not to file. The supreme court disposed of the last ground by holding that the judge "acted without any jurisdiction whatever" in the matter. It further held that, since it was the clerk's statutory duty to file the papers presented, a peremptory writ would issue commanding him to do so.

We have deemed it desirable to summarize the several situations presented in the cited cases to illustrate the general principle that it is no part of a court clerk's duty to pass judgment on the sufficiency or the propriety of the papers presented to him for filing. His duty is solely ministerial. For him to assume the prerogative of inquiring into the sufficiency or the propriety of the proffered papers to the end of determining whether or not they are entitled to be filed, would be to arrogate to himself a judicial power

reserved to the judge alone. Moreover, such arrogation would have the unavoidable effect of depriving petitioner of his right of appeal as provided in §33-23-1. For example, in the case at bar if respondent probate clerk's refusal to file petitioner's petition for administration de bonis non were held to be within his province, there would be no means whereby petitioner could obtain a review of such decision since §33-23-1 provides only for an appeal from an order or decree of the probate court. Such provision presupposes judicial determination by the probate judge. Unless the clerk can be ordered by a peremptory writ of mandamus to file petitioner's petition for administration, he would be left without a remedy for the judicial determination of the right which he claims to such administration. See *Carpenter's Admr.* v. *Brown,* 118 Vt. 148, 154.

For the foregoing reasons we are clearly of the opinion that the trial justice erred in denying the petitioner's motion for a peremptory writ. Since the respondent has failed to show cause for his noncompliance with the alternative writ, he has no recourse but to comply therewith and a peremptory writ should issue commanding him to do so.

The petitioner's appeal is sustained, the judgment appealed from is reversed, and the cause is remanded to the superior court with directions to grant the petitioner's motion and issue the peremptory writ.

*Martin Malinou,* for appellant.

*John L. McElroy,* pro se, appellee.