Arthur E. LINDE, Appellant
(Plaintiff below),

v.

The Honorable Vernon G. BENTLEY,
Appellee (Defendant below).

No. 3913.

Supreme Court of Wyoming.

March 10, 1971.

Arthur E. Linde, pro se.

John A. King, Gordon W. Davis, and George J. Millett, Laramie, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This is an appeal from a summary judgent for defendant in an action in which plaintiff claimed $298,000 damages against a district judge for orally instructing the clerk of the district court not to accept papers from defendant for filing until they had been reviewed by the judge.

The controversy arose when Mr. Linde, a non-lawyer, filed certain pleadings and

made appearance on behalf of defendants in an action entitled, "Major Oil Company, a Wyoming corporation, Plaintiff, vs. Arthur E. Linde and Nuclear State Enterprises, Inc., Defendants" (Civil No. 14324), and the court on motion of the opposing party entered a written order, April 23, 1970, stating that Mr. Linde was not a qualified member of the Wyoming State Bar and not entitled to appear and represent any party other than himself individually, and ordering that all pleadings and motions filed by him be stricken from the record as they related to or purported to be on behalf of Nuclear State Enterprises, Inc. Affidavits show that the judge orally advised Mr. Linde during the hearing that he was not entitled to appear and represent any party other than himself individually and could not represent the corporation, and that on April 23 the judge orally instructed the clerk of court not to accept for filing pleadings or motions sought to be filed by Mr. Linde until they had been reviewed by the judge. On April 28 Mr. Linde attempted to file another action in the court entitled, "Nuclear State Enterprises, Inc., Plaintiff, vs. Major Oil Co., Lloyd H. Sowers, John E. Stanfield, John Doe etal [sic] Defendant [sic]," but the complaint was not filed by the clerk because of his instructions from the court. On May 12 Mr. Linde endeavored to file various motions in Case 14324 which were not then filed, the clerk being unable to immediately have the judge review them due to his absence from the county. The motions were, however, filed May 14 under the date of May 12.

In the present case the motion to dismiss and the objection thereto, both supported by affidavits, were heard before another judge. Summary judgment was entered under the provisions of Rules 12(b) and 56, W.R.C.P., for defendant; this appeal is taken therefrom.

In his brief plaintiff flagrantly violates both the letter and the spirit of Supreme Court Rule 12 by failing to cite any available precedent or the pages of authorities relied on and contents himself with mere reference to the "Constitution of the United States," "Constitution of the State of Wyoming," and "Wyoming Business Corporation Act." His argument is neither cogent nor subject to any reasonable analysis as to validity, and we are not required to notice such unsupported claims of error. Nichols v. Pangarova, Wyo., 443 P.2d 756, 763. However, in this instance we make exception since plaintiff appears pro se and has not previously been before this court so as to be aware of the seriousness of his nonconformance.

As near as we can gather from plaintiff's brief and oral argument, taken together with the response, his contentions turn on three points:

1. Can a non-lawyer who is a major stockholder in a corporation and has authority from its officers appear in court by pleadings or otherwise on behalf of the corporation?

2. If question number one is resolved in the affirmative, resulting in the April 23 order of the court being erroneous, was its action nevertheless within the well established rule of judicial immunity?

3. If notwithstanding the propriety of the court's order the judge's oral instruction to the clerk of court not to accept unapproved pleadings was erroneous, does the rule as to immunity apply?

Concerning the first and second points, the law is well established that although a party to an action may appear in his own proper person without the representation of an attorney he is not entitled to appear for or on behalf of a corporation regardless of his interest in it or any authorization which he may have from the corporation. Some exceptions have been made to this rule as to appearances in justice of peace or minor courts and in hearings before administrative agencies, but the prohibition is substantially uniform as applied to appearance in courts of record. The problem is discussed at some length in Annotation, 19 A.L.R.3d 1073. DeVilliers v. Atlas Corporation, 10 Cir., 360 F.2d 292,

294, in enunciating the rule as it applied to a mining corporation, said, "a corporation can appear in a court of record only by an attorney at law." In Paradise v. Nowlin, 86 Cal.App.2d 897, 195 P.2d 867, it is said:

"A composite of the rule in the decided cases, overwhelmingly sustained by the authorities, may be thus stated: A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona. * * * *"

We adopt these holdings and conclude that the trial judge was justified in striking the pleadings as related to Nuclear State Enterprises, Inc., and in advising Mr. Linde orally that he was not entitled to appear on behalf of the corporation.

As to plaintiff's third point, it has long been the rule that courts of general jurisdiction are exempt from liability of civil action for their official acts even if in excess of their jurisdiction—although a distinction is observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject matter.[1] Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351–352, 20 L.Ed. 646; Randall v. Brigham, 74 U.S. (7 Wall.) 523, 536, 19 L.Ed. 285; 46 Am.Jur.2d Judges § 72. Accordingly, the rule as to immunity rendered plaintiff's complaint vulnerable both to motion to dismiss and summary judgment. This is not to say, however, that the trial judge's action in the instant case was in excess of his jurisdiction. Under Rules 3(a) and 5 (e), W.R.C.P., a civil action is commenced by filing a complaint with the court, i. e.,

the clerk. The duties of a clerk of the district court are stated generally in § 5–53, W.S.1957; and § 5–139, W.S.1957, provides that in the performance of his duties a clerk is under the direction of his court. As noted in Malinou v. McElroy, 99 R.I. 277, 207 A.2d 44, 45, "It is generally held that unless otherwise specifically authorized by statute the duty of a clerk of court to file papers presented to him is purely ministerial which he may not refuse to perform *except upon order of the court.*" (Emphasis supplied.) Notwithstanding any legal rights which a judge may have to control his clerk, we cannot approve his proscribing the filing of legal papers. Instructions of this nature often precipitate actions attempting to force acceptance of filings in which case there is no record of occurrences in that area for the reviewing court, which perforce must rely on recollections of the participants—a most unsatisfactory situation.

Affirmed.

---

1. Plaintiff, of course, has not contended that the judge did not have jurisdiction over the subject matter.