368 A.2d 1236.

RALPH GILBERT *et al. vs.* TRAVELERS INDEMNITY COMPANY *et al.*

FEBRUARY 3, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Ralph and Lee R. Gilbert, father and son respectively, are the plaintiffs and Travelers Indemnity Company (Travelers) is one of the defendants in a pending Superior Court civil action. The Gilberts commenced this certiorari proceeding to obtain interlocutory review of an order denying their motion to compel Travelers to produce certain documents. We ordered the writ to issue. *Gilbert* v. *Travelers Indem. Co.,* 114 R.I. 955, 337 A.2d 818 (1975).

The pending litigation has its origins in an automobile collision in which Lee Gilbert sustained serious physical injuries. At the time of the collision, he was a minor and a passenger in a motor vehicle operated by Raymond Girard and owned by Raymond's brother, Del. Suits to recover for the injuries sustained by Lee and the consequential damages suffered by his father were brought in the Superior Court against the Girard brothers and their parents. Travelers, the Girards' liability insurance carrier, did not defend. Those actions, after twice being heard in this court,[1] resulted in judgments totaling $105,000 against each of the Girard brothers. In an attempt to recover on those still unsatisfied judgments, the Gilberts instituted the present action against the judgment debtors and joined Travelers and Allstate Insurance Company as defendants.

Allstate is the Gilberts' automobile liability carrier and

---

[1] *Gilbert* v. *Girard,* 109 R.I. 68, 279 A.2d 919 (1971); *Gilbert* v. *Girard,* 108 R.I. 120, 272 A.2d 691 (1971).

the action against it is predicated on the uninsured motorist provisions. Our only present concern, however, is with the action as it affects Travelers, which was joined as a defendant pursuant to G. L. 1956 (1968 Reenactment) §27-7-2, as amended by P. L. 1972, ch. 188, §1. This statute permits an injured party who has an unsatisfied judgment against an insured to proceed directly against the insurer. The Gilberts contend that Travelers is accountable to them for the full amount of the judgments, even though those amounts substantially exceed the stated limits of the policies issued to the Girards. That contention is premised on the theory that Travelers was guilty of negligence and bad faith in refusing to investigate, defend, or settle their claims and in failing to follow the advice of counsel concerning those claims.

In the course of pretrial discovery in the action to recover on the judgments, plaintiffs learned of the existence of a memorandum from an agent of Travelers to its attorneys dated August 18, 1966, and of a letter from one of those attorneys to Travelers dated August 19, 1966 and apparently in response to the August 18 memorandum. The plaintiffs seek to obtain those documents as evidence of Travelers' alleged bad faith and negligence.

Whether production of the documents should be compelled, or whether instead Super. R. Civ. P. 26(b) provides for their protection from disclosure by either the attorney-client privilege or the work product rule, is an important question. Issues of like import have frequently arisen at the trial level and, in the absence of an opinion of this court relating to the extent of the immunity under Rule 26(b), have produced a diversity of opinion among the justices of our trial courts. For these reasons, we concluded that the petition for certiorari disclosed circumstances that were sufficiently unusual and important to overcome our persistent reluctance to review interlocutory

orders or to permit matters to be brought before us in piecemeal fashion. *Borland* v. *Dunn*, 113 R.I. 337, 339-40, 321 A.2d 96, 98 (1974); *Conn* v. *ITT Aetna Fin. Co.*, 105 R.I. 397, 404-05, 252 A.2d 184, 187-88 (1969); *Rogers* v. *Rogers*, 98 R.I. 263, 265-67, 201 A.2d 140, 142 (1964); *Atlantic Ref. Co.* v. *Director of Pub. Works*, 98 R.I. 167, 169-70, 200 A.2d 580, 581 (1964). Accordingly, we agreed to hear the case.

At oral argument, however, we learned what perhaps, notwithstanding Travelers' failure to oppose issuance of the writ, we should have realized sooner: that Travelers, from the inception of the original negligence actions and even before, has consistently denied that the liability policies issued to the Girards covered the automobile collision in which Lee Gilbert was injured. Accordingly, it has now become apparent that a decision on whether there is coverage must necessarily precede any consideration of Travelers' negligence or bad faith. As to that antecedent issue, the correspondence between Travelers and its attorneys is not even peripherally or tangentially relevant.

The coverage question, however, has not yet been tried, and we should not decide it prior to a determination by the trial court. Nor should we assume that there is coverage in order to reach the issues of attorney-client privilege and work product protection. To do that would be to decide issues that we might not be required to consider if the case were to come here only after trial and we were then to determine that there is no coverage. That alone is sufficient reason for postponing review until all the issues between the parties have been decided by the trial court. *Panichella* v. *Pennsylvania R.R.*, 252 F.2d 452, 455 (3d Cir. 1958). Moreover, there are other cases pending in this court that appear, insofar as presently ascertainable, to present Rule 26(b) issues free of the kind of difficulty we encounter here. These considerations have caused us

to view the petition for certiorari in a different light and to conclude that the writ in this case should be quashed as improvidently issued.

The petition for a writ of certiorari is denied and dismissed; the writ heretofore issued, appearing from the record to have been improvidently issued, is quashed; and the papers in the case are ordered returned to the Superior Court with our decision endorsed thereon.

*Abatuno & Chisholm, Vincent J. Chisholm, Howard L. Feldman,* for plaintiffs.

*Keenan, Rice, Dolan, Reardon & Kiernan, Frederick A. Reardon,* for defendant Travelers Indemnity Company.