401 A.2d 1277.

PLANTATION LEGAL DEFENSE SERVICES, INC.
*vs.* WILLIAM W. O'BRIEN

MAY 25, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, and Doris , JJ.

JOSLIN, J.    The clerk of the Eighth Division of the District Court refused to accept a statement of claim in a small claims action filed by the plaintiff, a Rhode Island corporation having an office in the city of Cranston. The ground for refusal was that the alleged debtor was an individual who

resided in Warwick and therefore did not reside within the eighth division. The clerk relied on G.L. 1956 (1969 Reenactment) §10-16-3, as amended by P.L. 1976, ch. 273, §1, that permits an individual plaintiff to bring a small claims action in the district court division where either the plaintiff or the defendant resides, but requires that a plaintiff resident corporation must commence such an action "in the division of the district court wherein the defendant resides."[1] Instead of complying with the statute by filing its action anew in the division wherein the alleged debtor resided, the plaintiff commenced this action for mandamus in the Superior Court to compel the clerk of the District Court to accept the statement previously refused. The relief sought was denied and the plaintiff appealed.

In this court, as in the Superior Court, plaintiff's only contention is that §10-16-3, violates the equal protection clause of the fourteenth amendment of the Federal Constitution because it arbitrarily and without reason imposes venue limitations on corporations different from those imposed on individuals.[2] In rejecting that contention, the trial justice aptly noted in his bench decision that almost 50 years ago,

---

[1]General Laws 1956 (1969 Reenactment) §10-16-3, as amended by P.L. 1976, ch. 273, §1 reads as follows:

> "The venue of actions hereunder shall be the same as in ordinary civil actions, except cases wherein the plaintiff is a corporation, in which event the action must be brought in the division of the district court wherein the defendant resides. The laws relating to practice in ordinary civil actions in the district court, which are applicable to this procedure, and not inconsistent with the provisions of this chapter, shall apply to cases under this procedure."

[2]In *Malinou* v. *McElroy*, 99 R.I. 277, 207 A.2d 44 (1965), the plaintiff, who alleged that he was the Public Administrator of the City of Providence, instituted proceedings to compel the Probate Court clerk of that city to accept for filing a petition for administration *de bonis non*. We held that "unless otherwise specifically authroized by statute the duty of clerk of court to file papers presented to him is purely ministerial which he may not refuse to perform except upon order of the court." *Id.* at 279, 207 A.2d at 45. Whether *Malinou* applies to the filing of a small claims complaint with facially defective venue, however, presents serious questions of statutory interpretation and public policy. But this issue was neither raised on the record below nor asserted by the parties on appeal and, consequently, we reserve consideration of it to a case in which it is properly raised.

the Supreme Court, in *Bain Peanut Co. v. Pinson,* 282 U.S. 499, 51 S. Ct. 228, 75 L. Ed. 2d 482 (1931), rejected a similar argument. In *Bain,* the Court considered the equal protection challenge to a Texas statute that permitted suits against private corporations to be brought in the county wherein the cause of action arose while unincorporated individuals were not subject to similar suits except in their county of domicile. *Cf. American Motorists Insurance Co. v. Starnes,* 425 U.S 637, 96 S. Ct. 1800, 48 L. Ed. 2d 263 (1976).

In passing on that challenge Mr. Justice Holmes, speaking for an unanimous Court, commented that:

> "The interpretation of constitutional principles must not be too literal. We must remember that the machinery of government would not work if it were not allowed a little play in its joints. In deciding whether a corporation is denied the equal protection of the laws when its creator establishes a more extensive venue for actions against it than is fixed for private citizens, we have to consider, not a geometrical equation between a corporation and a man, but whether the difference does injustice to the class generally, even though it bear hard in some particular case, which is not alleged or proved here. [citations omitted.] This it is for the corporation to make out. The range of the State's discretion is large. [citation omitted.] The question seems to be answered by *Cincinnati Street Ry. Co. v. Snell,* 193 U.S. 30, 36, 27, which lays down that, if the protection of fundamental rights by equal laws equally administered is enjoyed, the Constitution does not forbid allowing one person to seek a forum from which another in the same class is excluded. But without asserting a universal proposition, it is obvious that there is likely to be such a difference between the business done by a corporation and that done by a private person that the State well may take it into account when it permits a corporation to be formed." 282 U.S. at 501, 51 S. Ct. at 229, 75 L. Ed. at 491.

598

In our judgment, the *Bain* case is sufficient analogous to be dispositive of the plaintiff's request for mandamus and compels its rejection.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

Mr. Justice Weisberger did not participate.

*Aram K. Berberian,* for plaintiff.

*Dennis J. Roberts, II,* Attorney General, *Forrest Avila,* Special Assistant Attorney General, for defendant.