412 A.2d 225.

FRANK T. CANARIO *vs.*
DEPARTMENT OF NATURAL RESOURCES.

MARCH 11, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Weisberger and Murray, JJ.

MURRAY, J.   Four complaints issued by the First Division District Court charged petitioner with (1) operating an unnumbered motorboat in violation of G.L. 1956 (1970 Reenactment) §46-22-3, (2) failing to exhibit lights on a motorboat as required by §46-22-5(b), (3) operating a dredge to take

quahogs in violation of G.L. 1956 (1968 Reenactment) §20-11-3,[1] and (4) carrying a dredge on his boat in violation of §20-11-9. At the close of a trial held on April 5, 1977, a District Court justice found the petitioner guilty of all charges and imposed fines for each offense. On April 24, 1977, the petitioner commenced this certiorari proceeding to obtain review both of an alleged error at trial and of the deprivation of his claimed right to a jury trial in the Superior Court. We ordered the writ to issue. *Canario v. Department of Natural Resources,* 118 R.I. 940, 373 A.2d 831 (1977).

At oral argument, however, we learned what perhaps we should have realized earlier from the substance of an affidavit submitted by petitioner as a supplement to the record, per order of this court on August 9, 1979. The affidavit discloses that after petitioner's conviction in the District Court, his trial counsel attempted to file a notice of appeal to the Superior Court with the Clerk of the First Division District Court.[2] According to the affidavit, the clerk refused to file the notice of appeal, informing counsel that petitioner had no right of appeal to the Superior Court. The clerk further informed petitioner's counsel that he could file an appeal or file

---

[1]General Laws 1956 (1968 Reenactment) §20-11-3 has since been amended by P.L. 1979, ch. 196, §5.

[2]General Laws 1956 (1969 Reenactment) §12-22-1, as amended by P.L. 1976, ch. 173, §5, provides that:

> "Every person aggrieved by the sentence of the district court for any offense other than a violation may, within five (5) days after such sentence appeal therefrom to the superior court for the county in which the division of the district court is situated, by claiming an appeal in the court or in the office of the clerk of the court appealed from or at any of the penal institutions of the state, before any justice of the supreme or superior court, or before a justice clerk of the court appealed from, or before any of the persons authorized to take bail at said penal institutions."

Rule 37 of the Dist. R. Crim. P. prescribes certain refinements of §12-22-1 to be followed when appeal is claimed either in open court or to the court clerk. The rule, which took effect on September 1, 1972, has not been amended to reflect that under §12-22-1 sentences for violations are no longer appealable to the Superior Court. General Laws 1956 (1969 Reenactment) §12-22-1.1, as enacted by P.L. 1976, ch. 173, §6, now governs the procedure for appeals from fines imposed in the District Court upon the finding of a violation.

for a writ of certiorari with this court. This chain of events led to the petition for the writ that we ordered.

The substance of the affidavit suggests that petitioner should have sought a writ of mandamus in the Superior Court. In *Malinou v. McElroy*, 99 R.I. 277, 207 A.2d 44 (1965), we ruled that, unless specifically authorized by statute otherwise, the duty of a clerk of court to file papers presented to him is purely ministerial, and that he may not refuse to perform it except upon order of the court. *Id.* at 279, 207 A.2d at 45. At oral argument, petitioner's appellate counsel requested that we treat his petition for certiorari as one for mandamus. She directed our attention to cases where we have treated appeals as the equivalents of a writ of certiorari. *See Latham v. Rhode Island Department of Education*, 116 R.I. 245, 250-51, 355 A.2d 400, 403 (1976); *Schiavulli v. School Committee of North Providence*, 114 R.I. 443, 445-46, 334 A.2d 416, 417 (1975).

We would be disposed to apply that line of precedent to this proceeding were it not for a crucial missing link: the clerk of the First Division District Court is not a party to this action. We now treat mandamus proceedings as civil actions in which equitable relief is sought.[3] *Rosen v. Restrepo*, 119 R.I. 398, 400, 380 A.2d 960, 961 (1977). An order for the issuance of a mandamus writ in this case would lead to employment of the equitable powers of this court against a person who is not a party to the proceeding before us. For that reason, we must decline to treat this proceeding as one for a writ of mandamus.

If the petitioner pursues the alternative of filing a complaint in the Superior Court to seek relief by way of mandamus, many of the issues submitted to us may be the subject

---

[3]In doing so, we have rejected our ruling in *State ex rel Montaquila v. Avery*, 90 R.I. 305, 157 A.2d 886 (1960), that mandamus is not in the nature of an equitable proceeding. "[W]e are no longer in the days when common-law pleading was in full flower. We look to substance, not labels." *Sarni v. Meloccaro*, 113 R.I. 630, 636, 324 A.2d 648, 651 (1974). *Cf.* Reporters Notes to Super. R. Civ. P. 24 (rejecting holding of *Montaquila v. Avery, supra.*)

of consideration in that tribunal. Therefore, it would be premature for us to attempt to deal with issues which may well be resolved in the Superior Court or which may be presented to us in a more refined posture. This factor prompts us to conclude that the writ of certiorari in this case should be quashed as improvidently issued. *See Gilbert* v. *Travelers Indemnity Co.,* 117 R.I. 515, 368 A.2d 1236 (1977).

We grant the petitioner leave to file a complaint for a writ of mandamus in the Superior Court within sixty days from the date on which this decision is filed. The writ of certiorari, having been improvidently issued, is quashed; the papers in the case are ordered returned to the District Court with our decision endorsed thereon.

Mr. Justice Doris did not participate.

*William F. Reilly,* Public Defender, *John A. MacFadyen III,* Chief Appellate Attorney, *Janice M. Weisfeld,* Assistant Public Defender, for petitioner.

*Dennis J. Roberts II,* Attorney General, *Stephen Lichatin III,* Special Assistant Attorney General, Chief, Appellate Division, *Faith A. LaSalle,* Special Assistant Attorney General, for respondent.