PORTEOUS, MITCHELL & BRAUN COMPANY

*vs.*

WILLIAM L. MILLER and Trustees.

Cumberland.     Opinion September 29, 1910.

*Costs. Statutory Provisions. Travel and Attendance. Taxation of Costs. Statute, 1858, chapter 42. Revised Statutes, chapter 84, section 152; chapter 117, section 14.*

1. The right of a prevailing party in an action to recover costs is wholly statutory. He is entitled only to such allowances as costs as the statute has made provision for, and subject to the limitations it has imposed.

2. Under section 14, chapter 117, Revised Statutes, the court has authority to direct as to the number of terms for which travel and attendance are to be taxed, and such authority may be exercised by the court when application is made to it, under the provisions of section 152, chapter 85, Revised Statutes, to have the costs taxed and passed upon by the court.

3. Judgment for defendant was entered in this action after it had been pending in the Superior Court for Cumberland County, Maine, for 17 terms. Upon application, that court disallowed travel and attendance for all terms after the case had been in court one year, and allowed travel and attendance for 9 terms only. *Held,* that the court below exercised the authority conferred upon it by statute within legal bounds, and that its decision was entirely reasonable and proper as a matter of fact.

On exceptions by defendant to taxation of costs.     Overruled.

Action of assumpsit brought in the Superior Court, Cumberland County. At the seventeenth term after the entry of the action, judgment was entered for the defendant by agreement. Upon application by the plaintiff, the defendant's costs were taxed by the

clerk at $73.22, and upon hearing the presiding Justice disallowed travel and attendance for all terms after the action had been in court one year, allowing travel and attendance for nine terms only, and directed the costs to be taxed at $39.94 only.   To that decision the defendant excepted.

The case is stated in the opinion.

*Libby, Robinson & Ives*, for plaintiff.

*Fred V. Matthews, and Wilford G. Chapman*, for defendant.

SITTING :   EMERY, C. J., SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

KING, J.   Section 152, chapter 84, Revised Statutes provides :
"When a nonsuit or default is entered, or verdict rendered, or a report of referees is accepted, in an action, either party on application to the court, may have the costs recoverable taxed by the clerk, and passed upon by the court during the term ; and any party aggrieved by the decision, may file exceptions thereto ;"

At the February term of the Superior Court for Cumberland County, Maine, judgment for the defendant by agreement was entered in this case.   Upon application of the plaintiff the defendant's costs were taxed by the clerk at $73.22, made up of an attorney fee of $2.50 and travel and attendance for 17 terms, being the full number of terms the case had been pending in court.   Upon hearing the court disallowed travel and attendance for all terms after the case had been in court one year, allowing travel and attendance for nine terms only, and directed the costs to be taxed accordingly, at $39.94.   The case is before this court on exceptions to that decision.

1.   The defendant contends that by the entry of judgment in his favor his rights as to the costs recoverable became fixed, and that he was then entitled as a matter of law to have travel and attendance taxed in his favor for each term the case had been in court.   But that contention is not legally sustainable.   The right of a prevailing party in an action to recover costs is wholly statutory.   He is entitled only to such allowances as costs as the statute has made provision for, and subject to the limitations which it has imposed.

In sec. 14, c. 117, R. S., it is provided :

"Costs allowed to parties and attorneys in civil actions shall be as follows :  .  .  .  to parties recovering costs in the supreme judicial or superior courts, thirty three cents for every ten miles travel, and three dollars and fifty cents for attendance at each term until the action is disposed of, *unless the court otherwise directs*."

Under this statute the plaintiff was not entitled as a matter of law to have travel and attendance taxed for each and every term the case had been in court, for the court had authority to direct otherwise.  This authority in the court to direct as to the number of terms for which travel and attendance are to be taxed is to be exercised by the court when application is made to it, under the provisions of sec. 152, c. 84, to have the costs taxed and passed upon by the court, as was done in this case.    An examination of the several statutes, in which provision was made for the allowance of travel and attendance as costs, shows clearly that it was the legislative pur-pose and intent that the court should have authority to direct at the time the costs are taxed as to the number of terms for which travel and attendance should be allowed.    The language of the statute in which this authority was first given (Chap. 42, Laws 1858) reads : "In taxing costs of suit  .  .  .  attendance shall be allowed until the action is disposed of, *unless the court shall otherwise direct*," etc.    This language clearly refers to a direction by the court at the time the costs are taxed, and not, as suggested by the defendant, to a direction made during the proceedings in the case prior to the taxing of the costs.

2.    It is unnecessary here to discuss the question raised that, even under the express provisions of sec. 152, c. 84, R. S., the reason-ableness and propriety of the decision of the court below cannot be raised by exceptions, being the result of the exercise of judgment and judicial discretion, for this court is fully satisfied, from the facts reported in the bill of exceptions, not only that the court below exercised the authority, conferred upon it by statute, within legal bounds, but also that its decision was entirely reasonable and proper as a matter of fact.

*Exceptions overruled.*