DELLA M. WHIPPLE *vs.* RUTH A. WALES *et al.*

JULY 8, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun,Sweeney, and Barrows, JJ.

*(1) Costs. Recovery.*

While the common method of recovery of costs is by execution in favor of the prevailing party, after final judgment or decree, they may be the subject of independent action.

*(2) Partition. Costs. Recovery.*

By final decree in a partition suit, the complainant's solicitor and the commissioner were awarded certain sums for their services "which sums together with all costs of court as taxed by the clerk" the parties were ordered to pay within three months after entry of decree. No part of the costs was paid within the time limited by any respondent and thereafter without request from any respondent, complainant, allottee of a one-ninth portion of the premises paid the entire amount. Complainant secured a decree in her favor creating a lien upon the allotments of other respondents and authorizing a sale thereof. The decree provided that execution should issue in favor of complainant for an amount being five-ninths of the taxed costs, (three respondents having paid their shares) in accordance with the provisions of Gen. Laws, 1923, cap. 381, sec. 23.

The land was sold, and complainant brought an action of debt on judgment to recover the deficiency, against the five respondents on a joint liability.

*Held,* that the decree did not create a joint liability but was an attempt to apportion costs by equal division among all the allottees and was imperfect in itself, and not adapted to partition by metes and bounds.

*Held,* further, that the decree for a lien and sale, while not applicable to the allottees in severalty, being unreversed and acted upon, bound to that extent the parties but further than the value of the allotments did not bind the allottees.

*Held,* further, that the decree in the partition suit was too indefinite to create a fixed personal debt for costs due from any one of the defendants and

especially there was no language showing any debt from anyone of them to the plaintiff.

*(3) Partition. Costs. Joint Debts.*

There is no warrant in the statutes for taxing costs in partition suits as a joint debt of all the parties. In this state partition suit costs must be apportioned, even those equally divided.

*(4) Partition. Metes and Bounds. Costs.*

Where land is allotted by metes and bounds, a definite apportionment of the costs to the various parties is necessary to create personal liability.

*(5) Partition. Costs. Actions. Money Paid for Defendant's Use.*

By final decree in a partition suit, the complainant's solicitor and the commissioner were awarded certain sums for their services, "which sums together with all costs of court as taxed by the clerk" the parties were ordered to pay within three months after entry of decree. No part of the costs was paid within the time limited by any respondent and thereafter without request from any respondent, complainant allottee of a one-ninth portion of the premises paid the entire amount. Complainant brought action against certain of respondents to recover for money paid to the use of defendants.

*Held,* that the obligation of each allottee was entirely distinct and separate and only for his share, and that complainant was a volunteer in making the payment and could not recover.

*(6) Actions. Money Paid for Defendant's Use.*

To recover for money paid to defendant's use, a plaintiff must establish that he has paid a debt which he might have been called upon to pay if defendant did not pay his portion.

DEBT ON JUDGMENT. Certified under G. L. 1923, cap. 348, sec. 4.

BARROWS, J. This case comes to us on certification of an agreed statement of facts from the District Court of the Sixth Judicial District pursuant to General Laws, 1923, Chapter 348, Section 4 (5112).

Plaintiff sued in debt on judgment to recover costs alleged to have been taxed against respondents *in personam* in decrees in partition proceedings. A count was added for money paid for the use of defendants.

Costs are always incidental to a particular proceeding. *Bishop* v. *Aborn,* 16 R. I. 568. While the common method of recovery is by execution in favor of the prevailing party, after final judgment or decree, they may be the subject of

independent action. *Ives* v. *Finch*, 28 Conn. 112. The, reason for proceeding by suit and not by execution here was evidently the uncertainty of the decree upon which execution could be sought.

Several years ago plaintiff, as complainant in *Whipple* v. *Wales*, 46 R. I. 81, procured the partition of a family burial ground by metes and bounds. There were nine portions. In the final decree $50 was awarded the commissioner for services and $200 was awarded to complainant's solicitor "which sums together with all costs of court as taxed by the clerk . . . the parties hereto are hereby ordered and directed to pay within three months after entry hereof." The original papers show that "Compts costs" minuted by the clerk were $67.20 in addition to the two items above, making a total of $317.20. The agreed statement is that the total costs were $348.75, no part of which was paid within three months by any respondent. Thereafter, without request from any respondent, the plaintiff, allottee of a one-ninth portion, paid the entire $348.75. Subsequently three respondents each paid the plaintiff one-ninth of this amount and, the other five respondents having refused to reimburse plaintiff, she got a decree in her favor creating a lien upon their five allotments and authorizing a sale thereof. This decree reads: "It is ordered, adjudged and decreed that said complainant Della M. Whipple be and she hereby is given a lien for the amount of five-ninths of the taxed costs of said cause paid by her in default of payment by said non-paying respondents upon the interest of said respondents and the several shares of said partitioned real estate and assigned and set off to them in partition; and further, that an execution be issued in due form therefor in favor of said complainant Della M. Whipple· for One Hundred Seventy-Six and 25/100 Dollars ($176.25,) five-ninths of the taxed costs, in accordance with the provisions of Section 23 of Chapter 381 of the General Laws of the State of Rhode Island 1923 Revision."

Pursuant thereto the five allotments of land to defendants were bid in at auction by plaintiff on November 14, 1925,

for $52. After payment of the execution expenses plaintiff was out of pocket $179.05 instead of $176.25 as formerly. Whether plaintiff can recover from defendants singly or collectively is the question certified to us.

Can there be joint liability? Plaintiff has so sued. She contends that the decrees create such liability and that as (1) they stood unreversed effect must be given them as joint decrees for a "fixed and absolute debt in money,"—*Wagner* v. *Wagner*, 26 R. I. 27,—and a final personal judgment for the payment thereof upon which assumpsit may be maintained. *Burgess* v. *Souther*, 15 R. I. 202. If the decrees created a joint liability of plaintiff and defendants which plaintiff paid perhaps she might seek contribution. We must decline, however, to so construe them if any other view may be adopted because there is no warrant in our statutes for taxing costs in partition suits as a joint debt of all the parties. Costs are purely the creature of statutes. 15 C. J. 21. In Rhode Island, partition suit costs must be apportioned even those equally divided. General Laws 1923, Chapter 345, Sec. 6 (5081), provides: "In all actions of partition the court before which the same may be pending may adjudge and determine as to it shall appear equitable and just, relative to the apportionment of costs among the parties, plaintiff and defendant, by dividing the same equally or subjecting either party to the payment of the whole or any part thereof." To the same effect is Chapter 381, Section 22 (5832). Equal division is not identical with joint liability. Its results may be the same where realty is partitioned by sale and costs equally chargeable to all are taken out of the fund before distribution. Such, however, was not this case and where land is allotted by metes and bounds a definite apportionment of the costs to the various parties is necessary to create personal liability. The decree in question rather than creating a joint liability should be viewed as an attempt to apportion costs by equal division among all the allottees, imperfect because the amounts were payable to no one and taxed against the "parties" to the

litigation not the allottees only. Parties included some spouses of the allottees. The first decree probably contemplated that each allottee should pay one-ninth into a common fund in court whence those ultimately entitled to the costs should secure their money. It was not, however, adapted to partition by metes and bounds. In spite of its uncertainty plaintiff, assuming the decree to be a proper apportionment by equal division among the allottees and apparently without objection from defendants, proceeded to establish liens against their several shares and sell the same under Chapter 381, Section 23. The decree for a lien and sale was at least unhappily phrased as applicable to the allottees in severalty. It stands, however, unreversed and was acted upon and to that extent the parties are bound. Its limit of effectiveness, however, was the value of the allotments and further than this the allottees are not bound.

The lien decree not purporting to create personal obligations beyond the value of the five allotments, can the pertition decree as construed by us be considered a personal judgment in this separate suit for costs? Costs are taxed in favor of and against a party litigant. *McMullen* v. *Reynolds*, 209 Ill. 504; *Lilly* v. *Shaw*, 59 Ill. 72. Until definitely taxed they are not enforceable. *Kaiser* v. *Barron*, 153 Cal. 474. When taxed they create a debt due from those specifically charged to those for whom specifically charged. They are not awarded on mere equitable or moral grounds. *Coggill* v. *Lawrence*, 2 Blatchf. 304; *Coates* v. *Hill*, 120 Ill. Ap. 1.; *Ficke* v. *Hessberg*, 127 N. Y. Sup. 1008; *Porteus* v. *Miller*, 107 Me. 155. Regardless therefore of how the decree was viewed by the parties in the partition case when it is made the subject of a separate suit for costs defendants' debt on the judgment can not rest upon inference. Debt on judgment is capable of and requires definite and exact proof. It is not enough that one or all of the parties to the partition proceedings assume that a debt has been created. It actually must have been created by legal proceedings. The language of the decree in the

partition suit is too indefinite to create a fixed personal debt for costs due from any one of the present seven defendants and it certainly contains no language showing that any debt is due from any one of them to the plaintiff.

For these reasons plaintiff can not maintain her action for debt on judgment.

Nor can the second count for money paid to the use of defendants be sustained even if we assume that the allottees in the partition suit each thought himself bound for $38.75 (1-9). Their obligations were entirely distinct and separate. Each allottee was liable only for his share. The partition decree had severed the joint interests of the parties and there was no warrant for plaintiff to pay the shares which she believed were charged against the other allottees. She owed but one-ninth. The three who voluntarily settled with her did not do so because of any legal obligation. To recover for money paid to defendants' use plaintiff must establish that she has paid a debt which she might have been called upon to pay if defendants did not pay their portions. This she can not do. Her payment was that of a volunteer. She did not pay a personal debt which ever had been legally established as due from defendants.

Our decision is that the defendants are not liable jointly or severally to plaintiff for costs by her paid.

The papers in the case with our decision certified thereon are ordered sent back to the District Court of the Sixth Judicial District with direction to enter final judgment for defendants on said decision.

*Charles R. Easton*, for plaintiff.
*John R. Higgins*, for defendant.