ABRAHAM COLITZ *vs.* JAMES F. GILBERT.

JUNE 10, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. Defendant's executor filed this petition for a writ of *certiorari* to review the decision of a justice of the Superior Court denying his motion for the entry of judgment and granting plaintiff's motion for permission to file an amended declaration. The writ was issued and the records and papers in the case have been certified to this court.

The facts necessary to be stated to determine the rights of the parties are as follows: In December, 1923, plaintiff commenced an action of trespass on the case against defendant for negligence in the practice of dentistry. The declaration contained eight counts. Defendant's demurrer to each count was sustained in May, 1924.

On October 27, 1924, a stipulation was filed by which plaintiff's attorney agreed to file an amended declaration on or before November 15, 1924. Nothing further was done in the case until June 8, 1932, when another attorney entered appearance for plaintiff and moved that he be allowed to file an amended declaration. June 11, 1932, it was suggested that defendant died on July 2, 1925. June 14, plaintiff moved to make defendant's executor a party. The same day the executor's attorneys moved for judgment on demurrer to the declaration. July 30, after hearing, the court denied the executor's motion for judgment and granted plaintiff's motion for permission to amend his declaration.

After a demurrer to a declaration has been sustained, the court may in its discretion permit the declaration to be amended. *Hebert* v. *Handy*, 28 R. I. 317; *Atlantic Mills* v. *Superior Court*, 32 R. I. 285. It is generally held that the action of the court in granting or refusing to grant an amendment to a declaration will not be disturbed by the appellate court in the absence of an abuse of discretion by the lower court. In such a matter the discretion of the court

must be exercised in the light of reason applied to all the facts and with a view to the rights of all the parties to the action.

On the facts and circumstances appearing in this case, we must hold that the court erred in granting plaintiff's motion to amend his declaration. The motion to amend should be made within a reasonable time after a demurrer has been sustained. In *Atlantic Mills* v. *Superior Court, supra,* plaintiff moved to amend his declaration seventy days after the demurrer thereto had been sustained. Plaintiff agreed to amend his declaration by November 15, 1924, which was about six months after the demurrer had been sustained. The amended declaration was not filed as agreed. Plaintiff did nothing for more than seven years. If the proposed amendment had been filed within the time fixed by the agreement, defendant could have advised his attorneys as to the new matter alleged in the proposed amendment.

Defendant died July 2, 1925, and his estate has been in the process of settlement since then. Nearly seven years elapsed before plaintiff summoned defendant's executor to take up the defense to the action. When the executor came into court he found no declaration to answer. Plaintiff gave no reason for his neglect to file the amended declaration by November 15, 1924, or for not moving earlier in this matter. In this state of the record the court clearly erred in granting plaintiff's motion.

So much of the record of the Superior Court of July 30, 1932, as grants plaintiff's motion to amend his declaration and denies the executor's motion for the entry of judgment is quashed.

The records and papers in the case are ordered returned to the Superior Court.

*Fergus J. McOsker,* for plaintiff.

*Huddy & Moulton, Hinckley, Allen, Tillinghast, Phillips & Wheeler, Stuart H. Tucker, S. Everett Wilkins, Jr.,* for defendant.