MILTON S. HOROWITZ *et al. vs.* RUTH LELACHEURE *et al.*

DECEMBER 31, 1953.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J.    This cause was heard in the superior court on bill, answer in the nature of a cross bill, replication and proof.   From a decree granting one of complainants' prayers for minor relief but otherwise denying and dismissing the bill, complainants appealed.   The decree also denied and dismissed the cross bill but respondents did not appeal.

The complainants' appeal is based upon seven reasons of appeal which, however, amount substantially to the contentions that the decree and the decision of the trial justice upon which it is based are against the law and the evidence

and the weight thereof. Under those contentions they have briefed and argued ten points or issues which they claim were erroneously decided by the trial justice in reaching his decision that the bill of complaint should be denied and dismissed.

In an exhaustive rescript the trial justice found against complainants on all such issues, discussed in considerable detail the evidence before him and pointed out wherein it failed to substantiate the theories upon which complainants relied in seeking the relief prayed for. We shall not repeat here a similar discussion as we are generally in accord with the trial justice's views. However, we shall discuss certain phases of the evidence and principles of law relative thereto that have led us to agree with such views.

The complainants' bill in effect seeks to have certain parcels of land on Broad street, Louisa street and Longwood avenue in the city of Providence declared to be the property of David C. Horowitz, late of said city, deceased. Since the decree granted the relief prayed for as to the Longwood avenue parcel, we are concerned on this appeal only with the other two parcels. The complainants are Milton S. Horowitz, Josephine H. Weiser and Bertha Horowitz, the son, daughter, and widow respectively of David C. Horowitz, who died intestate on September 18, 1950. The respondents are Ruth LeLacheure and Charles M. Robinson, coexecutors of the last will and testament of Ruth's father, Charles H. LeLacheure, who died August 15, 1950, and Israel Chernick, father of David Chernick to whom the coexecutors conveyed, before the instant bill was brought, the Louisa street and Longwood avenue parcels.

It appears from the bill and the evidence that David C. Horowitz and Charles H. LeLacheure had been engaged for many years in joint ventures in the purchase and sale of real estate. Apparently LeLacheure, who was possessed of ample funds, furnished the cash for such undertakings and Horowitz, who was a broker and dealer in real estate, sup-

plied the expert trading knowledge of the realty market. The respondent Robinson was the legal counselor of both in those transactions and also the trusted adviser of each in his individual affairs and interests.

Horowitz and LeLacheure not only were associated in business but were also close friends. That friendship was strikingly manifested by the generous provisions for Horowitz which LeLacheure made in his will. In addition to specific bequests to him of $15,000, a diamond ring and an automobile and devises of five parcels of real estate, he also directed his coexecutors "to cancel any indebtedness that may exist at the time of my death from the said David C. Horowitz to me, without requiring any payment from him on account thereof."

No reference was made in the will, wherein Ruth Le-Lacheure was designated as the sole residuary devisee and legatee, to the Broad street or Louisa street parcels. Among the testator's papers and effects there was found a deed from Clementine W. Fletcher to Horowitz of the Broad street parcel and an unrecorded deed from Horowitz to LeLacheure of the Louisa street parcel. Under complainants' theory both of these parcels were the sole property of Horowitz. The respondents claimed under the theory of their cross bill that they belonged to LeLacheure. The trial justice found that they belonged to neither individually but were acquired by both as partners.

The Broad street parcel was purchased August 29, 1947. After the deed was found among LeLacheure's papers, Robinson, according to his testimony, had a conversation with David C. Horowitz at which time Horowitz said the parcel belonged to LeLacheure and that he, Horowitz, would reconvey it. Robinson further testified that shortly thereafter Horowitz became seriously ill, was taken to the hospital and died before he could carry out his expressed intention. However, after his death complainants, on October 17, 1950, acting upon receipt of information from Robinson concern-

ing such conversation and his advice relative thereto, deeded this parcel to Ruth LeLacheure as the sole heir and residuary devisee of Charles H. LeLacheure. The complainants alleged in their bill that this deed was improperly obtained by Robinson and they prayed for a reconveyance.

The Louisa street parcel was purchased September 15, 1944. On January 7, 1946 Horowitz conveyed it to Le-Lacheure who never recorded the deed. Robinson as co-executor filed it for record on October 18, 1950 and thereafter, by virtue of authority conferred upon them by the probate court of the city of Providence, the coexecutors conveyed it to David Chernick for $600. The bill alleges that this deed was in reality a mortgage and was intended merely as security for a loan from LeLacheure, and further that whatever was the amount of such loan it was an indebtedness from Horowitz which was canceled by virtue of the provision in LeLacheure's will hereinbefore quoted. For this reason, the bill alleges that the coexecutors' deed to Chernick is void and prays for a reconveyance to complainants or in the alternative the reasonable value of the parcel in money.

In support of their theory that each of these parcels was the property of David C. Horowitz individually, complainants introduced very little if any probative evidence. They appeared to rely largely, if not exclusively, upon their claim that in the transaction involving this real estate respondent Robinson stood in the relation of a fiduciary to David C. Horowitz and later to the complainants as his heirs at law, and that as such fiduciary he had the burden of disproving complainants' theory by proving that those transactions were fair and lawful. They justified this claim on the principle that where a fiduciary deals with the property of his *cestui que trust* his dealings are void in the absence of an affirmative showing on his part by clear and satisfactory evidence that such dealings were fair and reasonable.

We have carefully examined the transcript and exhibits

and find in considering the above claim that it is clearly lacking in merit. The evidence does not disclose a relationship which calls for the application of the principle relied upon. In the first place Robinson is not a party respondent in his individual capacity but solely in his capacity as co-executor. The principle relied on is well recognized and in appropriate circumstances has been applied by this court. In our opinion the difficulty is that in the circumstances here it is not applicable. The trial justice, therefore, did not err in holding that the complainants had the burden throughout the trial of proving the allegations of their bill. And we are of the further opinion that he was not clearly wrong in finding that they had failed to discharge that burden in trying to prove their allegations that the Broad street and Louisa street parcels belonged to David C. Horowitz individually.

The foregoing conclusion is determinative of a further contention of complainants that the trial justice erred in finding that there was a partnership between David C. Horowitz and Charles H. LeLacheure. Disregarding that portion of the testimony of Robinson and Melvin Chernick, hereinafter mentioned and to which objection was made, he expressly found that there was other ample evidence which convinced him that the deceased were partners. And he points out in his rescript a number of instances which led him to such conclusion and to the further conviction that neither Horowitz nor LeLacheure owned the parcels in question individually. From our examination of the transcript we cannot say that those findings were clearly wrong.

The complainants contend, however, that the trial justice erred in finding that there had been a partial distribution of those partnership assets between the partners in 1946. Whether or not he so erred appears to us to be of no consequence, since he expressly left the question of a possible accounting open by refusing to order one under the prayers for general relief in the bill and the cross bill. Therefore

on the question whether there was a partial distribution, complainants are not foreclosed by the decree herein appealed from.

The complainants contend further that the trial justice erred in construing the word "indebtedness" in the quoted portion of LeLacheure's will as meaning only personal indebtedness and not partnership dealings between Horowitz and LeLacheure. We are of the opinion that in view of the trial justice's finding that the parcels in question were partnership assets, which finding we have declined to disturb, this contention is also of no consequence unless and until a full accounting of the partnership assets should be hereafter ordered. Since the trial justice in his decision expressly declined to order an accounting, and there is no finding with reference to any indebtedness of Horowitz or to an accounting in the decree, complainants may without prejudice renew their contention should an accounting be hereafter ordered in some other proceeding.

The complainants strongly contend that the trial justice erred in admitting over their objection the testimony of Robinson and his law clerk, Melvin Chernick, concerning the conversations which the former had with David C. Horowitz about the Broad street parcel. They argue that such conversations were privileged communications between attorney and client and therefore absolutely inadmissible. Since the trial justice expressly stated that he reached his decision without regard to such testimony and since we have approved such decision, we are of the opinion that this question is now of no importance. Therefore it is not necessary for us to consider it here. Nevertheless in view of the nature of the objection reflecting as it does, at least indirectly, upon the professional integrity of the attorney we have decided to consider the complainants' contention.

We think the trial justice did not err for the following reasons: First, because complainants themselves by their

allegation of misfeasance against the attorney had created the necessity for him to justify his conduct toward David C. Horowitz and his heirs with reference to the transaction involving the Broad street parcel. *Chase* v. *Chase,* 78 R. I. 278. Secondly, because as the attorney for Horowitz and LeLacheure in that common undertaking, it was not only his right but also his duty in the circumstances to disclose to the court·whatever he had learned concerning the issue before it so that the court could justly determine the true ownership of the Broad street parcel. So long as such a disclosure is directed to the protection of an ·attorney's rights or to the promotion of justice in a controversy between two clients arising out of a common or joint undertaking in which the attorney acted for both, the privilege against disclosure is removed. 1 Thornton on Attorneys at Law, §127, p. 220; 8 Wigmore on Evidence, §2312, p. 603.

The final contentions of complainants are that the trial justice, having found that Horowitz and LeLacheure were partners and that the Longwood avenue parcel belonged to Horowitz, should have ordered an accounting under the prayer for general relief and should have awarded complainants their costs and reasonable counsel fees. The trial justice refused to order an accounting, because such a proceeding had not been called to his attention during the trial under the prayer for general relief, and because in his opinion if an accounting was to be had it should be a general accounting of all partnership assets and not merely a special accounting as to the two parcels in question. We cannot say that he was clearly wrong in denying an accounting for such reasons.

As to granting complainants' costs and counsel fees, the trial justice stated that he did not believe they were fairly entitled thereto merely because they had prevailed on their prayer for relief as to the Longwood avenue parcel. He observed that there was substantially no contention on that issue and that practically the entire controversy had centered

around the ownership of the parcels on Broad street and Louisa street, and that as to them complainants had not prevailed. For those reasons he refused to award costs or counsel fees to either party. From our consideration of the record we cannot say that the trial justice was clearly wrong in basing his decision on those reasons. In any event the award of costs and counsel fees in an equity cause is largely in the sound discretion of the trial justice. *Egan* v. *Walsh-Kaiser Co.*, 73 R. I. 399. This court will not interfere with the exercise of such discretion except for abuse which we are of the opinion does not exist here.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Harold H. Winsten,* for complainants.

*Edwards & Angell, Robinson, Robinson & Adelson, William H. Edwards, Charles M. Robinson, Melvin A. Chernick,* for respondents.