247 A.2d 80.

HARRY SHOCK *vs.* MARY PRENETA.

OCTOBER 29, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a civil action to recover money based on certain promissory notes allegedly executed by the defendant. The case is before us on the defendant's appeal from a default judgment for the plaintiff entered by direction of a justice of the superior court.

The facts are not complicated and the issues raised by defendant are narrow. On May 11, 1966, plaintiff filed a complaint against defendant seeking recovery on the notes in question and on May 16, 1966 he filed proof of service in the office of the clerk of the superior court attesting to service of the complaint and summons upon defendant.

It appears from the record that on June 7, 1966, plaintiff filed a written motion for judgment by default together with an affidavit in proof of claim stating that no amount had been paid on the notes in question and that the total amount of his claim including interest to the date of filing of the complaint was $9,294. On the same day a judgment by default was entered in favor of plaintiff. Subsequently, on May 9, 1967, on defendant's motion, an order was entered by a justice of the superior court removing the judgment and recalling an execution issued pursuant to such judgment. The order was conditioned upon the payment of a counsel fee to plaintiff's counsel and certain costs. The order also provided that upon the payment of said sums, the cause was to be reassigned to the same calendar at that

session of the court. The case was thereafter assigned by stipulation of counsel to September 13, 1967 and then by agreement to September 15, 1967. The record also shows that no answer had been filed by defendant.

On September 15, 1967, defendant's counsel appeared without his client, informed the trial justice that his office had received a call from her stating that she was too ill to attend the court hearing, and requested a continuance until the 9th or 10th of October 1967. The defendant's counsel offered no medical certificate supporting his client's representation of illness. The plaintiff's counsel at this stage of the proceedings requested the trial justice, as we interpret his request, to grant his motion for judgment by default.

On this state of the record the trial justice ordered that judgment be entered for plaintiff, effective October 9, 1967, for $9,294 plus interest, execution to issue on said date unless defendant complied with all the following conditions: 1. that defendant pay a counsel fee of $300 to plaintiff's counsel within ten days; 2. that she file an answer within ten days; 3. that she appear in court on October 9, 1967, to which date the matter was assigned. On September 15, 1967, a judgment was entered pursuant to the trial justice's order.

On September 16, 1967, an answer was filed by defendant's counsel. On October 9, 1967, the matter was reached and heard by another justice of the superior court. The plaintiff's counsel informed the trial justice that defendant had not paid the counsel fee which she was directed to pay and therefore he moved that execution be issued in accordance with the September 15, 1967 judgment. The defendant did not appear. Her counsel stated to the trial justice that he had notified his client about the September 15, 1967 judgment, but the only information he had was that she was still ill. He readily admitted that he had no medical

certificate and it does not appear from the record that he complied with any of the requirements of rule 40 of the rules of civil procedure of the superior court governing motions for continuances. The trial justice thereupon ordered execution to issue in accordance with the September 15, 1967 judgment.

The defendant does not question the authority of the superior court to order that judgment be entered in favor of plaintiff on defendant's failure to appear for trial without just cause. What she claims, as we understand her brief and argument, is that the matter of the amount of plaintiff's claim should have been assigned for hearing, oral or written.

In our judgment defendant's contention is without merit. *Hicks* v. *Wilbur*, 38 R. I. 268, 94 A. 872, is not in point. As appears from the statement of the court at page 274 of 38 R. I. and at page 875 of 94A., the court was discussing a defaulted action at law for tort. The case at bar involves a claim for a sum certain or for a sum which can by computation be made certain. The uncontradicted affidavit in proof of claim, filed by plaintiff on June 7, 1966, was still in effect on September 15, 1967, and was adequate to support the judgment entered on that date. From our examination of the record we are satisfied that plaintiff has complied with the requirements of rule 55 (b) of the rules of civil procedure of the superior court.

In her second and final contention the defendant challenges the amount of the counsel fee awarded by the trial justice on September 15, 1967. She does not question the authority of the superior court to award counsel fees as a condition for a continuance,[1] but she argues that the sum of $300 awarded in the case at bar is so excessive as to be punitive rather than compensatory. It seems to us that what the defendant is really saying is that the trial justice

---

[1] See rule 40 of the rules of civil procedure of the superior court.

acted arbitrarily and abused his discretion in awarding such an amount.

In *Colitz* v. *Gilbert*, 53 R. I. 319, 321, 166 A. 685, 686, the court said that judicial discretion "* * * must be exercised in the light of reason applied to all the facts and with a view to the rights of all the parties to the action." On this record, applying the rule of reason to the facts before the trial justice, we cannot say that the amount of the counsel fee was unreasonable and accordingly we find no abuse of discretion.

Judgment is affirmed.

*Joseph Janas, Manning & West, Albert B. West,* for plaintiff.

*Joseph A. Capineri,* for defendant.