339 A.2d 56.

DAVID A. STREETER *et al. vs.* JAMES SIGNORELLI *et al.*

JUNE 12, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is an appeal from a judgment of the Superior Court denying and dismissing a petition for mandamus. The record indicates that on September 19, 1969, in District Court, Ronald W. Reed entered a plea of guilty to a charge of violating G. L. 1956 (1968 Reenactment) §31-8-2. He was ordered to pay and did pay a fine of $5 and costs. Within 5 days he appealed to the Superior Court.

On April 23, 1970, in District Court, David A. Streeter entered a plea of nolo contendere to a charge of violating §31-14-1. He was placed on probation for 6 months. Within 5 days he appealed to the Superior Court.

On July 30, 1972, in the Wardens Court of the Town of New Shoreham, Allan R. Hartman entered a plea of guilty to a charge of violating the provisions of the town ordinance forbidding the drinking of alcoholic beverages in a public place. He was ordered to pay a fine of $20 and costs. He paid the fine and filed a claim of appeal to the Superior Court.

The clerk of each of the trial courts neglected and refused to certify the papers and the appeals to the Superior Court. The defendants[1] in each case filed a complaint in Superior Court seeking a writ of mandamus directed to the respective court clerk ordering him to certify the appeal to the Superior Court.

After hearing in Superior Court, the trial justice entered judgment denying and dismissing the petition for mandamus. The sole question before us on defendants' appeal from that judgment is whether defendants were entitled to a writ of mandamus ordering the clerks of the respective trial courts to certify the papers and appeals to the Superior Court.

Our opinion in *Malinou* v. *McElroy*, 99 R. I. 277, 207 A.2d 44 (1965) is dispositive of the issue raised here. In that case we held that where a duty imposed by statute on a clerk of court was purely ministerial, it was error for the Superior Court to refuse to issue mandamus. Here, under the provisions of G. L. 1956 (1969 Reenactment) §12-22-6, the clerks of the respective trial courts, in cases where appeals have been filed, are required to certify the papers to the clerk of the Superior Court. We hold this to be a purely ministerial duty, and thus it clearly falls within the rule in *McElroy*.

The trial justice therefore erred when he denied and dismissed the complaint and refused to issue mandamus.

The defendants' appeal is sustained, the judgment appealed from is reversed, and the cause is remanded to the Superior Court with directions to enter a judgment granting the petition for a writ of mandamus.

---

[1]Messrs. Reed, Streeter, and Hartman, although petitioners in Superior Court and appellants before this court, shall be referred to as defendants for purposes of this opinion.

*Berberian & Tanenbaum, Aram K. Berberian,* for appellants.

*Richard J. Israel,* Attorney General, *George H. Egan,* Special Asst. Attorney General, for appellees.