393 A.2d 1102.

ALLAN R. HARTMAN *vs.* JAMES A. CARTER, *Controller of the State of Rhode Island.*

NOVEMBER 8, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

2

KELLEHER, J.    In this Superior Court civil action the plaintiff sought a writ of mandamus which would have compelled the defendant (the controller) to refund a fine paid in a previous criminal action that the plaintiff had successfully appealed. The plaintiff also sought an award of his statutory costs, to wit, $5.10.

The record indicates that in July 1972 plaintiff paid a $20 fine to the Wardens' Court of New Shoreham. The fine was imposed after the warden had found plaintiff guilty of violating a municipal ordinance which bars drinking in public places. The plaintiff appealed his conviction to the Superior Court,[1] where the charge was ultimately dismissed. After the clerk's efforts to have plaintiff reimbursed for the money he paid to the New Shoreham court proved unsuccessful, plaintiff brought this mandamus action. When the case came on for hearing in the  Superior Court, the controller conceded that plaintiff should be reimbursed, and judgment was then entered directing the controller to process the clerk's voucher. The judgment contains another stipulation, which states: "The plaintiff is entitled to no costs on this judgment." This stipulation has precipitated plaintiff's appeal.

---

[1]This is the plaintiff's second appearance before us in regard to the actions taken by the Wardens' Court. Earlier, in *Streeter* v. *Signorelli*, 114 R.I. 744, 339 A.2d 56 (1975), he was one of three plaintiffs who had challenged the refusal of the clerks of the District Court and the Wardens' Court to certify the papers and the appeals to the Superior Court. We sustained the plaintiffs' appeal and directed the Superior Court to issue the writ of mandamus. For a brief history of the Wardens' Court and the unique functions performed by its justices, see *Whitman* v. *Mott*, 114 R.I. 530, 336 A.2d 836 (1975).

The present controversy might well be considered as a sequel to our recent ruling in *Gormally* v. *Cannon*, 119 R.I. 771, 383 A.2d 582 (1978), where we ruled that a plaintiff who is successful in his effort to obtain a writ of mandamus cannot recover damages in such a proceeding. Gormally had prevailed in a mandamus preceeding in which he asked that certain officials of the Rhode Island Department of Health be ordered to permit him to examine records relating to the inspection of certain nursing homes. The trial justice ordered the writ to issue but refused Gormally's request for damages. In considering his appeal, we reviewed the workings of mandamus as they existed at common law, actions taken by Parliament in enacting the Municipal Offices Act (1710), 9 Ann. c. 20, and the Prohibition and Mandamus Act (1831), 1 Will. IV, c. 21, as well as G.L. 1956 (1970 Reenactment) §43-3-1, which stipulates that, in the absence of a statute to the contrary, those English statutes which were in force in this state prior to the Declaration of Independence will be considered to be part of Rhode Island's common law. Following this review, we ruled that, in the absence of a statutory authorization, damages could not be recovered in a mandamus[2] action because the common law afforded no such remedy.

Much of what we said in *Gormally* can be said of the case at bar. Since at common law costs were not allowed in a mandamus action, they can be allowed solely on the authority of some pertinent statute. *Whipple* v. *Wales*, 47 R.I. 487,

---

[2]In *Gormally* v. *Cannon*, 119 R.I. 771, 383 A.2d 582 (1978), we alluded to the common-law practice whereby mandamus is commenced by a petition which sought an alternative writ that commanded either the doing of a certain act or a showing of cause why it should not be done. Since a respondent might file a return containing facts which at law might act as a bar to the issuance of the writ, the only recourse for an applicant who discovered the falsity of the return was to bring an action in the case. Again in *Gormally* we spoke of the 9th Statute of Ann., which allowed recovery of damages for a false return within the mandamus action. However, the beneficiaries of Parliament's largesse were restricted to a group of public officers, including "Mayors, Bailiffs, Portreeves and other Offices, within Cities, Towns Corporate, Boroughs, and Places, within that Part of *Great Britian* called *England* and *Wales* * * * ." The benefits of the statute did not extend to the "mass of the subjects of mandamus." *Dane* v. *Derby*, 54 Me. 95, 100 (1866).

4

134 A. 22 (1926). An examination of the relevant statutes and rules of court makes it clear that a trial justice who orders the issuance of a writ of mandamus may also award costs. General Laws 1956 (1969 Reenactment) §9-22-5 provides that "[i]n civil actions at law, the party prevailing shall recover costs, except where otherwise specially provided, or as justice may require, in the discretion of the court." Rule 81(d) of the Superior Court Rules of Civil Procedure states that actions to obtain relief by writ of mandmus "shall be according to these rules." Rule 54(d) tracks §9-22-5 and specifies that "[c]osts shall be allowed as of course to the prevailing party as provided by statute * * *."

In determining whether a complainant who seeks a writ of mandamus has instituted a "civil action at law," we need only refer to *State ex rel. Montaquila* v. *Avery*, 90 R.I. 305, 157 A.2d 886 (1960), where this court said that mandamus had no equitable origin because in England it issued out of the Court of King's Bench rather than the Court of Chancery, while in the United States mandamus had been variously classified as different actions at law but never as a suit in equity or as one being in the nature of an equitable proceeding. Having in mind the mid-1960 adoption of the Superior Court Rules of Civil Procedure with its accompanying merger of law and equity and the abolition of the forms of action, a "civil action," Super. R. Civ. P. 2. Consequently, we have no doubt that a Superior Court mandamus proceeding is a "civil action," and to that extent the common-law bar against costs in mandamus actions has been lowered considerably.

Having ruled that the costs may be awarded to plaintiff, we must now determine whether the trial justice abused his discretion in taking the position that he did. It is well settled that a Superior Court justice's exercise of discretion in these matters will not be disturbed by this court absent a clear showing that said discretion was abused. *Young* v. *Exum*, 110 R.I. 685, 296 A.2d 451 (1972); *Horowitz* v. *LeLacheure*, 81 R.I. 235, 101 A.2d 483 (1953); *Gartner* v. *Gartner*, 79 R.I. 399, 89 A.2d 368 (1952). However, discretion is not

exercised by merely granting or denying a party's request. The term "discretion" imports action taken in the light of reason as applied to all the facts and with a view to the rights of all the parties to the action while having regard for what is right and equitable under the circumstances and the law. *Strzebinska* v. *Jary*, 58 R.I. 496, 193 A. 747 (1937); *Colitz* v. *Gilbert*, 53 R.I. 319, 166 A. 685 (1933). Possibly the trial justice's denial of the costs request here was based on his belief that costs were not recoverable in a mandamus action. We now hold that such costs are recoverable. If the denial was based on some other ground, we believe that the denial was an abuse of discretion.

The plaintiff, in requesting the return of his $20, was forced to initiate suit. When his complaint finally came on for hearing, the state capitulated because its counsel observed that the controller had no defense. The plaintiff's continuous struggle against the establishment having reached a successful culmination, we believe that the plaintiff should have recovered his $5.10.

The plaintiff's appeal is granted, that portion of the Superior Court judgment denying costs is vacated, and the case is remanded to the Superior Court for the entry of a new judgment that will conform to this opinion.

*Aram K. Berberian,* for plaintiff.

*Julius C. Michaelson,* Attorney General, *Richard B. Woolley,* Special Assistant Attorney General, for defendant.