Leona FREMMING

v.

Estelle TANSEY.

No. 92–378–M.P.

Supreme Court of Rhode Island.

June 16, 1993.

Kevin Reall, Eva Marie Mancuso, Hamel, Waxler, Allen & Collins, Providence, for plaintiff.

Rebecca McSweeney, Law Offices of Thomas Carroll, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This matter is before us on the petition for certiorari of the defendant, Estelle Tansey, seeking review of the trial justice's award of attorney's fees to counsel for the plaintiff. We reverse.

On March 3, 1992, plaintiff, Leona Fremming, filed suit against defendant for personal injury allegedly caused by defendant's negligence. The plaintiff claimed that she was injured when a piece of defendant's garage fell on her property and struck her foot. On May 28, 1992, plaintiff was deposed. When defendant's counsel inquired into her employment, plaintiff stated that she was a self-employed typist. She further stated that she was unable to work for a time because of the injury to her foot. The defendant's attorney questioned plaintiff about whether she maintained records of her hours and clients. The plaintiff responded that she sometimes kept records.

On May 28, 1992, defendant made a request for production of documents, seeking plaintiff's employment records and tax returns for the years 1989, 1990, and 1991. The plaintiff responded that the request was irrelevant, immaterial, and overly broad. On June 9, 1992, defendant filed a motion to compel production of the records on the grounds that they were material to the issue of damages and liability and were

otherwise unavailable. The plaintiff filed a timely objection.

On June 24, 1992, defendant's motion to compel production of documents was heard before the trial justice. After a lengthy discourse between the trial justice and defendant's attorney, the trial justice denied part of the request but agreed to require plaintiff to produce a schedule C tax form, if she had filed one.[1] Seeking to clarify an apparent misunderstanding between defense counsel and the trial justice, plaintiff's attorney stated that he never made a claim for lost wages or earning capacity. After plaintiff's attorney shed new light on the discovery proceedings, the trial justice reversed her earlier ruling. The trial justice subsequently denied defendant's request and awarded plaintiff's attorney costs in the amount of $325.

The defendant argues before this court that her motion to compel production of documents was substantially justified and not made in bad faith. The defendant asserts that the evidence requested was relevant to the question of the severity of plaintiff's injuries and the degree of her incapacity. In addition defendant claims that plaintiff could have amended her complaint to include a claim for lost wages. Counsel for plaintiff did not ask for costs and joins defendant's counsel in requesting that this court vacate the award of attorney's fees. Despite the agreement of the parties, this matter cannot be settled between them. The trial justice required both plaintiff and defendant to submit affidavits attesting to the payment "because nobody's going to circumvent these words when I award cost allocations." The underlying case has been settled since the time this court issued a writ of certiorari.

■ When a party or deponent refuses to answer a question, the proponent may apply to the court for an order compelling an answer. Super. R. Civ. P. 37(a). The standard used to determine whether costs or sanctions should be imposed on counsel-seeking-discovery requests is whether the request was substantially justified. *Id.* The trial court may award attorney's fees "unless the court finds that opposition was substantially justified or that other circumstances make an award of expenses unjust." *Id.* The rule serves to streamline the discovery process. "Because baseless refusals can completely disrupt the deposition process and because groundless requests for orders to answer constitute harassment and abuse of discovery, the court may order offending parties or counsel to pay expenses. In practice this sanction has been reserved for outrageous conduct." Reporter's Notes to Super.R.Civ.P. 37(a).

■ We are of the opinion that defense counsel's request was not groundless and did not constitute harassment or abuse of discovery, nor did it enter the realm of outrageous conduct. The plaintiff's claim was for personal injury. Her employment and tax records were relevant to determine the severity of her injuries and the degree of her incapacity. In that context the records may have led to the discovery of admissible evidence. Prior to the hearing for the motion to compel, counsel for defendant could not be certain that plaintiff would not file a claim for lost wages or earning capacity. Proceedings in the Superior Court are guided by the practice of liberal amendment of pleadings. *Duquette v. Godbout*, 416 A.2d 669, 672 (R.I.1980); Super.R.Civ.P. 15(b). As such, plaintiff could have attempted to amend her complaint to add a claim for lost wages at any time during the trial. Moreover, in his statement to this court plaintiff's counsel reiterated that defendant's counsel was earnest and well intentioned and pursued the motion to compel production of documents in good faith.

■ We shall reverse a trial justice's decision to impose sanctions only upon a showing of abuse of discretion. *Limoges v. Eats Restaurant*, 621 A.2d 188, 190 (R.I. 1993). The exercise of a judge's discretion to issue sanctions involves a rational ap-

---

1. Schedule C is used by a taxpayer to record a profit or loss from a business or sole proprietor- ship.

proach to all the facts. *See Hartman v. Carter,* 121 R.I. 1, 5, 393 A.2d 1102, 1105 (1978). It "requires a sound judicial judgment made in the interests of justice and fair play, and may not be the subject of whim or caprice or fortuitous choice." *Robalewski v. Superior Court,* 97 R.I. 357, 360, 197 A.2d 751, 754 (1964).

Applying the aforementioned standard, we conclude that the trial justice abused her discretion. The actions of defense counsel do not merit sanctions pursuant to Rule 37(a). The defendant's motion to compel production of documents rested upon a sound litigation strategy and was substantially justified. The trial justice's decision sua sponte was precisely the sort of whimsical behavior that the abuse-of-discretion standard is designed to prevent.

Rule 37 is similar to the federal rule and is designed to penalize those whose conduct may be deemed to warrant a sanction and deter those who may be tempted to engage in improper conduct. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747, 751 (1976) (per curiam). Imposition of sanctions in this matter will not further the purposes of Rule 37. Rather, indiscriminate punishment will have a chilling influence on effective advocacy. To follow such a course would lead inevitably to restricted discovery in contravention of the stated purpose of the rules of discovery. *See* Super.R.Civ.P. 1.

Accordingly the petition for certiorari is granted, the order appealed from is quashed, and the papers in this case are remanded to the Superior Court with our decision endorsed thereon.

LEDERBERG, J., did not participate.