DECISION
Before this Court is Plaintiffs' — Barbara Brokaw, Raymond Mutz, Tammy Oakley, and Delza Young, ("Plaintiffs") — Rule 37 motion to compel the deposition of the corporate representatives of Defendants C.R. Bard, Inc. and Davol Inc. (collectively "Defendants"). At issue is whether Super. R. Civ. P. 26(b)(2) limits the discovery of information regarding Defendants' insurance coverage to the insurance policies themselves.
In this Kugel Hernia Patch litigation matter, Plaintiffs seek to compel Defendants to designate one or more corporate representatives to testify pursuant to Super. R. Civ. P. 30(b)(6) regarding matters related to Defendants' insurance coverage. Specifically, Plaintiffs seek testimony and documents concerning the following:
 (1) the amount and availability of insurance coverage for occurrences or claims made by Plaintiffs, (2) any action filed against any insurance company regarding the availability or amount of coverage for any occurrences made the basis of Plaintiff's actions, (3) the status of any litigation between Defendants and any insurance company *Page 2 
regarding the availability or amount of coverage for any occurrences made the basis of Plaintiffs' actions; (4) any and all insurance policies held by Defendants which may provide coverage for any of the occurrences or claims made by the Plaintiffs. (Pls.' Mem. 1.)
Plaintiffs assert that the broad rules of discovery, particularly Rule 26(b)(2), governing the discovery of insurance agreements, entitle them to such information. Defendants counter that they fully complied with Rule 26(b)(2) when they produced copies of their insurance policies, and that Plaintiffs have no need for, nor right to, additional discovery on the subject.
In granting or denying discovery orders, a justice of the Superior Court has broad discretion. Corvese v. Medco Containment Servs.,687 A.2d 880, 881 (R.I. 1997). "The term `discretion' imports action taken in the light of reason as applied to all the facts and with a view to the rights of all the parties to the action while having regard for what is right and equitable under the circumstances and the law."Hartman v. Carter, 121 R.I. 1, 4-5, 393 A.2d 1102, 1105 (1978).
Rule 26(b)(1) of the Rhode Island Rules of Civil Procedure establishes the scope and limits of discovery. It provides in pertinent part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. . . ." Furthermore, "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Super. R. Civ. P. 26(b)(1). *Page 3 
Super. R. Civ. P. 26(b)(2), by contrast, is relatively new to Rhode Island and specifically addresses the discovery of insurance agreements.See Robert B. Kent et al., Rhode Island Civil and AppellateProcedure § 26:4 (West 2006). It provides:
 A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement. (Emphasis added.)
Super. R. Civ. P. 26(b)(2) makes insurance policies available as a matter of course regardless of the type of action. Id. Whether Rule 26(b)(2) can be construed, however, to either permit or limit additional discovery of insurance coverage beyond production of the actual insurance agreements is an issue of first impression in this State.
"[A]s in statutory construction, if a court rule is free of ambiguity and expresses a clear and definite meaning, there is no room for interpretation or extension, and the court must give to the words of the rule their plain and obvious meaning." State v. Pacheco, 481 A.2d 1009,1019 (R.I. 1984). By its plain language, Rule 26(b)(2) requires production of only "the existence and contents" of insurance policies. To construe this Rule to permit, as a matter of course, discovery of insurance information beyond the production of insurance policies would extend the Rule's scope beyond its plain meaning. See 6 Moore's FederalPractice § 26.22[4][d] (Matthew Bender 3d ed.) (stating that Federal Rule 26(b)(2), upon which the Rhode Island Rule is based, "merely requires the *Page 4 
disclosure of the insurance agreement itself, and does not require the production of other documents relating to the insurance. . . .")
This limitation, however, does not preclude a party from discovering information regarding insurance coverage, beyond what is required by Super. R. Civ. P. 26(b)(2), under the general discovery standard of Super. R. Civ. P. 26(b)(1), so long as the information sought is relevant and unprivileged. This Court's interpretation of the interrelationship between Rules 26(b)(1) and 26(b)(2) is supported by federal court interpretations of the analogous federal rules. Where the language of a state rule is similar to that of a federal rule, "this Court may properly look to a federal court interpretation of the analogous federal rule for guidance in applying our own state's rule."Astro-Med, Inc. v. R. Moroz, Ltd., 811 A.2d 1154, 1156 (R.I. 2002).
Federal courts have held that "insurance documents that are not discoverable under Rule 26(b)(2) remain discoverable in accordance with the provisions of Rule 26(b)(1)."[1] Simon v. G.D. Searle Co., 816 F.2d 397, 404 (8th Cir. 1987), cert. denied, 484 U.S. 917
(1987) (permitting discovery of corporate risk management documents that related to insurance because they were relevant to issues of notice, defect, and punitive damages); cf. Wegner v. Cliff Viessman, Inc.,153 F.R.D. 154, 161 (N.D. Iowa, 1994) (denying additional discovery relating to insurance policy because plaintiff already received copies of the insurance policies and additional information was not relevant to the underlying suit). Moreover, the Advisory Committee Notes to Fed.R.Civ.P. 26(b)(2) clearly state that the rule "makes no change in existing law on discovery of *Page 5 
indemnity agreements other than insurance agreements by persons carrying on an insurance business." 48 F.R.D. 487, 498-99 (1970) (emphasis added).
Therefore, to determine whether insurance information, other than the policies themselves, is properly discoverable depends upon whether such information is "relevant to the subject matter" of the action or "reasonably calculated to lead to admissible evidence." Super. R. Civ. P. 26(b)(1). The Plaintiffs argue that the information they seek from Defendants' 30(b)(6) witness regarding the existence and content of available insurance coverage is relevant for two purposes: for the facilitation of settlement and for the purpose of notice.
As to settlement, Plaintiffs contend that for the parties to be on a "level playing field" in settlement negotiations, they must be made aware of the "actual amount remaining" under the insurance policies. According to Plaintiffs, some of Defendants' insurance policies are so-called "wasting policies," meaning that the fees earned by attorneys working for Defendants get paid down from the coverage limits. In addition, Plaintiffs seek information about the potential impact of litigation allegedly occurring between Defendants and one or more of their insurance carriers on the amount of coverage available. In sum, Plaintiffs maintain that the insurance policies themselves are insufficient because of the likelihood that "the actual amount remaining under a [given] policy differs from the face amount of the policy."
As to the issue of notice, Plaintiffs argue that the process by which Defendants insure specific medical devices raises questions as to the foreseeability of defects. At oral argument, Plaintiffs' counsel stated that:
 [i]f the defendants have policies of insurance that relate to particular aspects of a device and they negotiate that *Page 6 
coverage before the device is marketed, they pay for it, they go ahead and market the product and sell it, there are some questions that can be and should be asked of people as to what knowledge, what's foreseeable in arranging for that insurance related to these defects. (Tr. 45-46.)
The Defendants counter that deposition discovery and production of additional insurance documents would be duplicative and unduly burdensome. They also contend that Defendants' ability to settle cases is not bound by its insurance limits, so the additional discovery sought has no relevance to the issue of negotiating settlements. As support for this argument, Defendants' cite to a March 31, 2008 Order in the related federal court cases denying Plaintiffs' request to receive disclosures of settlement discussions because Plaintiffs had failed to establish that Defendants' assets were a "limited fund" that settlements could exhaust.
The basic issue of whether the existence and extent of insurance can be regarded as "relevant to the subject matter involved in the pending action" has divided courts over the years. Wright Miller, FederalPractice and Procedure: Civil 2d § 2010 at 182 (1994). The division stems from the fact that "insurance would not be provable at trial and plaintiff was [generally] interested in it only to ascertain whether a judgment would be collectible." Id. at 180. The adoption of Fed.R.Civ.P. 26(b)(2) resolved the issue in favor of disclosure, but only with respect to insurance policies themselves. See Advisory Committee Note,48 F.R.D. 487, 498 (1970). The issue is still relevant when a party seeks insurance information beyond the existence and contents of policies.
A leading case denying discovery of insurance information, prior to the adoption of Rule 26(b)(2), reasoned that:
 Information should not be discoverable which is desired only for the purpose of placing one party in a more *Page 7 
strategic position than he otherwise would be by acquiring information that has nothing to do with the merits of the action. There must be some connection between the information sought and the action itself before it becomes discoverable. Under the guise of liberal construction, we should not emasculate the rules by permitting something which never was intended or was not within the declared objects for which they were adopted. Neither should expedience or the desire to dispose of lawsuits without trial, however desirable that may be from the standpoint of relieving congested calendars, be permitted to cause us to lose sight of the limitations of the discovery rules or the boundaries beyond which we should not go. Jepeson v. Swanson, 68 N.W. 2d 649, 658 (Minn. 1955).
On the other hand, courts that permitted discovery of insurance information generally reasoned that "as a matter of common sense, the collectibility of a judgment is a highly relevant matter. . . ." Wright Miller, § 2010 at 182. In addition, these courts reasoned that knowledge of the extent of insurance coverage aids the objectives of Fed.R.Civ.P. 1 "by leading to more purposeful discussions of settlement. . . ." Jepeson v. Swanson, 68 N.W. 2d at 659 (J. Gallagher, dissenting) (citing Professor Wright's commentary to Rule 26 set forth in Wright, Minnesota Rules, p. 164).
The parties have not directed this Court's attention to a ruling on this issue by our Supreme Court. Consistent with the federal rules, however, Rhode Island law is clear that the concept of relevancy, as it applies to matters relating to discovery, is to be given a liberal application. In DeCarvalho v. Gonsalves, 106 R.I. 620, 627,262 A.2d 630, 634 (1970), our Supreme Court instructed that:
 [w]e are bound under the new rules to give the concept of relevancy, as it applies to discovery purposes, a liberal application. The test to be applied is whether the material sought is relevant to the subject matter of the suit, not whether it is relevant to the precise issues presented by the pleadings. The scope of relevancy in discovery proceedings *Page 8 
is much broader than when considering the relevancy of evidence adduced at a trial.
In light of this broad test of relevancy, this Court concludes that the remaining amount of coverage under Defendants' applicable insurance policies is relevant to "the subject matter" of the action. Super. R. Civ. P. 26(b)(1). Such information aids the parties in ascertaining the value of cases in advance of trial and may help secure the "just, speedy, and inexpensive" determination of these actions. See Super. Ct. R. Civ. P. 1. Moreover, one of the express purposes of discovery is "to facilitate settlement by exposing the strength of the adversary's case and by furnishing factual data as to its value." Kent, Rhode IslandCivil and Appellate Procedure § 26:1.
However, beyond the actual amount remaining under the applicable insurance policies, this Court finds Plaintiffs' request for an open-ended inquiry into all matters regarding Defendants' insurance coverage to be overly broad in light of the tenuous relevance of the information sought to the claims and defenses of the parties. By way of example, Plaintiffs cite the need for information concerning "the process by which Defendants went out to look for other [insurance] policies" and details about the amount of "money that's now going to defense counsel [that] is no longer available to Plaintiffs for potential resolution." Such information exceeds the scope of permissible discovery. See DeCarvalho, 262 A.2d at 634 (stating that while the rules of discovery have "furnished a litigant with a fishing license, the like of which was not available under the former practice in this jurisdiction, the litigant may not cast his line until he has shown the requisite materiality of his request[]"); see also Travelers Ins. Co. v.Hindle, 748 A.2d 256, 259 (R.I. 2000) ("Ordinarily, the federal discovery rules and similar state rules do not permit the discovery of facts concerning a defendant's financial status or *Page 9 
ability to satisfy a judgment, since such matters are not relevant to the trial issues and cannot lead to the discovery of admissible evidence[.]") (citing 23 Am. Jur. 2d Depositions and Discovery § 40 (1983)).
Furthermore, such a wide ranging inquiry into Defendants' insurance coverage is not "reasonably calculated to lead to the discovery of admissible evidence." See Rule 26(b)(1). Unlike evidence of subsequent remedial measures, evidence of insurance coverage is not admissible under Rhode Island law on the issue of whether a defendant acted negligently or wrongfully. See R.I. R. Evid. 411. Plaintiffs argue that the process by which Defendants purchase insurance for their medical devices speaks to Defendants' knowledge of the risk of defects. This is exactly the type of evidence prohibited under Rule 411. As explained in the Advisory Committee's Notes, the policy behind Rule 411 is that "at best the inference of fault from the fact of insurance coverage is a tenuous one, as is its converse . . . Knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds." See R.I. R. Evid. 411, Advisory Committee Note. Therefore, in light of the public policy informing Rule 411, the Court concludes that inquiry into the process by which Defendants purchased insurance policies on medical devices is not reasonably calculated to lead to admissible evidence on the issue of "notice."
Accordingly, Plaintiffs' motion to compel is granted with respect to Defendants' disclosure to Plaintiffs of the remaining amount of coverage under its applicable insurance policies. Disclosure shall be made at the Court's direction sufficiently in advance of trial or settlement negotiations. The motion to compel is denied to the extent *Page 10 
it seeks 30(b)(6) deposition testimony and document production of additional information about the insurance coverage. Counsel may submit an appropriate order for entry.
[1] In 1993, Fed.R.Civ.P. 26(b)(2) was replaced by Rule 26(a)(1)(D), which includes insurance agreements in required initial disclosures but results in no substantive change in the law. Wright Miller, Federal Practice and Procedure: Civil 2d § 2010 at 187 (1994). *Page 1